

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Bartelli v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bartelli v. Jones" (2007). *2007 Decisions.* Paper 1296.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1296

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-152** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1326
_____

KEITH BARTELLI, Appellant

v.

DONALD JONES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00906)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Due to Untimeliness or
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 15, 2007

Before:   BARRY, AMBRO and FISHER,   Circuit Judges

(Filed April 16, 2007)
_____

OPINION
_____

PER CURIAM

        Keith Bartelli appeals from the District Court's dismissal of two counts of

the complaint against Defendant Jones pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well

as the grant of summary judgment in favor of Jones on the remaining counts.  Because we

conclude that Bartelli's appeal presents no substantial question, we will summarily

affirm.

## I.

Bartelli is a prisoner and filed his five-count complaint against Jones in April 2004. In the complaint, Bartelli alleged that Jones disregarded Department of Corrections policies in his role as a hearing examiner as far back as April 2000 ("Count I"). Next, Bartelli alleged that on October 29, 2001, Bartelli witnessed Jones conspiring with a prison staff official to retaliate against and persecute him due to his prisoner grievance filings against prison staff ("Count II"). Third, Bartelli alleged that on December 12, 2001, Jones told him that he would never believe an inmate over a prison official ("Count III"). Fourth, Bartelli asserted that on April 16, 2002, Jones told him that he should stop filing grievances and complaints ("Count IV"). Finally, Bartelli alleged that on February 23, 2003, Jones inaccurately recorded Bartelli's response to a prisoner misconduct charge ("Count V").

In October 2004, the District Court dismissed Counts IV and V pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bartelli's motion to amend the complaint was also denied. Subsequently, on November 16, 2005, the District Court adopted the report and recommendation of the Magistrate Judge and granted summary judgment in favor of Jones on Counts I, II and III. Specifically, summary judgment was granted in favor of Jones because Counts I, II and III were time barred. Bartelli executed a notice of appeal on January 12, 2006.

II.

We must first determine whether Bartelli filed a timely notice of appeal. As previously stated, the District Court granted summary judgment in favor of Jones on November 16, 2005. Bartelli would normally have thirty days from that date to file a notice of appeal. Bartelli did not file his notice of appeal until January 2006. However, for the following reasons, we find that Bartelli's notice of appeal is timely.

"Federal Rule of Appellate Procedure ("FRAP") 4 - in conjunction with Federal Rule of Civil Procedure 58 - sets out the mechanism for determining when the time to appeal begins." In re Cendant Corp. Sec. Litig., 454 F.3d 235, 240 (3d Cir. 2006). "'[I]f Federal Rule of Civil Procedure 58(a)(1) requires a separate document' to put the parties on notice that the time to appeal has started, the appeal period begins on the earlier of (1) when that separate document is entered or (2) when 150 days have run from the entry of the Order in the docket." Id. Because Bartelli's notice of appeal was filed more than thirty days after the District Court's November 16, 2005 memorandum-order, but before 150 days lapsed, whether Bartelli timely filed a notice of appeal depends on whether the District Court's November 16, 2005 memorandum-order qualifies as a separate document.

In In re Cendant Corporation Securities Litigation, 454 F.3d at 241, this Court explained when an order will be treated as a separate document: "first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District

3

Court's reasons for disposing of the parties' claims." The November 16, 2005 memorandum-order does not satisfy the third criterion. The separate document rule does not allow for an extended presentation of the facts and procedural history. See id. at 243. Here, due to the District Court's presentation of the facts and procedural history in the November 16, 2005 memorandum-order, it does not constitute a separate document. Therefore, Bartelli's January 2006 notice of appeal was timely because it was filed within 150 days of the November 16, 2005 memorandum-order.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(stating standard of review over § 1915(e)(2) dismissal); McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005)(stating standard of review over an order granting summary judgment). When reviewing a complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Tourscher, 184 F.3d at 240. In deciding a motion to dismiss pursuant to Rule 12(b)(6), we accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). We review the denial of a motion to amend the complaint for abuse of discretion. See Garvin v. City of Phila., 354 F.3d 215, 219 (3d

4

Cir. 2003)(citation omitted).

III.

For essentially the reasons discussed by the Magistrate Judge in the May 5, 2004 report and recommendation, we agree with the dismissal of Counts IV and V.  We note that these two claims implicate Bartelli's complaints with the prison grievance process.  However, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates."[1]  Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995)(internal quotation marks and citation omitted), aff'd, 74 F.3d 1226 (3d Cir. 1995).   Furthermore, the District Court did not abuse its discretion in denying Bartelli's first motion to amend the complaint.

Next, the District Court properly granted summary judgment in favor of Jones on Counts I, II and III.  While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions."  Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  The statute of limitations on Bartelli's claims is two years. See 42 Pa. Cons. Stat. Ann. § 5524.  Furthermore, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)(citation omitted).  For essentially the reasons discussed in September 16, 2005

---

[1] To the extent that Bartelli alleged that Jones verbally harassed him, such an allegation also does not state a § 1983 claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

5

report and recommendation and adopted by the District Court, Bartelli knew or should have known of his injuries arising from Counts I, II and III more than two years prior to filing this complaint in April 2004. Therefore, these Counts were time barred.[2] Finally, the District Court did not abuse its discretion in denying Bartelli's additional motion to amend the complaint.

IV.

We conclude that Bartelli filed a timely notice of appeal. Additionally, the District Court properly dismissed Counts IV and V and properly granted summary judgment in favor of Jones on Counts I, II and III. Therefore, we will affirm the District Court judgment. Bartelli's motions for the appointment of counsel are denied.

---

[2] Bartelli previously filed a complaint against dozens of Defendants (including Jones) that was dismissed without prejudice. See Bartelli v. Beard, Civ. No. 03-cv-00234. The filing of that complaint did not toll the statute of limitations. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).