

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Bartelli v. Galabinski

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1545

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bartelli v. Galabinski" (2007). *2007 Decisions*. Paper 1294.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-151                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1545
_____

KEITH BARTELLI, Appellant

v.

JOHN GALABINSKI; JAMES MCGRADY, Deputy Superintendent; DEPUTY
THOMAS STACHELEK; BOWDEN; LONG; COUNSELOR CLARK; SGT.
JASTREMSKI; WILLIAM LEWIS; DONALD JONES; FRITZ BLIECH
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00900)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Due to Untimeliness or
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 15, 2007

Before:    BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed: April 16, 2007)
_____

OPINION
_____

PER CURIAM

        Keith Bartelli appeals from the District Court's dismissal of Defendants

Bliech, Jones, Lewis, Jastremski, Clark, Long, Bowden, Stachelek and McGrady from the

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as well as the grant of summary

judgment in favor of Defendant Galabinski.  Because we conclude that Bartelli's appeal presents no substantial question, we will summarily affirm.

## I.

Bartelli is a prisoner and filed his complaint against the Defendants in April 2004.  In the complaint, Bartelli raised several claims, including claims that the Defendants retaliated against him for filing prisoner grievances.  In October 2004, the District Court dismissed Bliech, Jones, Lewis, Jastremski, Clark, Long, Bowden, Stachelek and McGrady pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Bartelli's motion to amend the complaint was also denied.  Subsequently, on September 27, 2005, the District Court adopted the report and recommendation of the Magistrate Judge and granted summary judgment in favor of the remaining Defendant, Galabinski.  In November 2005, Bartelli filed an "application for bill of judicial review," which the District Court construed as a motion for reconsideration.  On December 15, 2005, the District Court denied Bartelli's "motion for reconsideration."  Bartelli executed a notice of appeal on January 13, 2006.

## II.

We must first determine whether Bartelli filed a timely notice of appeal.  As previously stated, the District Court granted summary judgment in favor of Galabinski on September 27, 2005. While Bartelli filed a "motion for reconsideration," it did not toll the time to file a notice of appeal because it was untimely.  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).  Therefore, Bartelli would normally have thirty days

2

from September 27, 2005, to file a notice of appeal. Bartelli did not file his notice of appeal until January 2006. However, for the following reasons, we find that Bartelli's notice of appeal is timely.

"Federal Rule of Appellate Procedure ("FRAP") 4 - in conjunction with Federal Rule of Civil Procedure 58 - sets out the mechanism for determining when the time to appeal begins." In re Cendant Corp. Sec. Litig., 454 F.3d 235, 240 (3d Cir. 2006). "'[I]f Federal Rule of Civil Procedure 58(a)(1) requires a separate document' to put the parties on notice that the time to appeal has started, the appeal period begins on the earlier of (1) when that separate document is entered or (2) when 150 days have run from the entry of the Order in the docket." Id. Because Bartelli's notice of appeal was filed more than thirty days after the District Court's September 27, 2005 memorandum-order, but before 150 days lapsed, whether Bartelli timely filed a notice of appeal depends on whether the District Court's September 27, 2005 memorandum-order qualifies as a separate document.

In In re Cendant Corporation Securities Litigation, 454 F.3d at 241, this Court explained when an order will be treated as a separate document: "first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." The September 27, 2005 memorandum-order does not satisfy the third criterion. The separate document rule does not allow for an extended presentation of the facts and procedural history. See id. at 243.

3

Here, due to the District Court's presentation of the facts and procedural history in the September 27, 2005 memorandum-order, it does not constitute a separate document. Therefore, Bartelli's January 2006 notice of appeal was timely because it was filed within 150 days of the September 27, 2005 memorandum-order.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(stating standard of review over § 1915(e)(2) dismissal); McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005)(stating standard of review over an order granting summary judgment). When reviewing a complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Tourscher, 184 F.3d at 240. In deciding a motion to dismiss pursuant to Rule 12(b)(6), we accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). We review the denial of a motion to amend the complaint for abuse of discretion. See Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003)(citation omitted).

### III.

For essentially the reasons given by the Magistrate Judge in the May 27,

2004 report and recommendation, we agree with the dismissal of Defendants Bliech, Jones, Lewis, Jastremski, Clark, Long, Bowden, Stachelek and McGrady pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  First, we note that "a state grievance procedure does not confer any substantive constitutional right upon prison inmates."  Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995)(internal quotation marks and citation omitted), aff'd, 74 F.3d 1226 (3d Cir. 1995).  Second, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted).  Here, Bartelli failed to state a claim against these Defendants for one or both of these reasons.[1]  Furthermore, the District Court did not abuse its discretion in denying Bartelli's motion to amend the complaint.

Next, the District Court properly granted summary judgment in favor of Galabinski.  All of Bartelli's claims (with the exception of his retaliation claim set forth in paragraph eight of the complaint) were time barred.  While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions."  Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  The statute of limitations on Bartelli's claims is two years.  See 42 Pa. Cons. Stat. Ann. § 5524.  Furthermore, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon

---

[1]  To the extent that Bartelli alleged that these Defendants verbally harassed him, such an allegation also does not state a § 1983 claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

which its action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)(citation omitted). Bartelli knew or should have known of his injuries arising from these claims more than two years prior to filing this complaint in April 2004. Therefore, these claims are time barred.[2]

Finally, in paragraph eight of the complaint Bartelli alleged that on April 5, 2002, he received a false prisoner misconduct charge "in direct retaliation for [a] criminal complaint filed February 22, 2002." (Compl. Part IV, ¶ 8). For essentially the reasons stated by the Magistrate Judge in the August 31, 2005 report and recommendation and adopted by the District Court, we agree that summary judgment in favor of Galabinski was appropriate on this claim. Specifically, we note the lack of a material issue of fact regarding the causal connection between Bartelli's protected activity and the prisoner misconduct charge. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(setting forth elements of retaliation claim); see also, Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990)(stating that conclusory allegations taken from the pleadings are insufficient to withstand a motion for summary judgment once a moving party has presented evidentiary materials).

IV.

We conclude that Bartelli filed a timely notice of appeal. Additionally, the

_____

[2] Bartelli previously filed a complaint against dozens of Defendants (including all of the Defendants in this case except Long) that was dismissed without prejudice. See Bartelli v. Beard, Civ. No. 03-cv-00234. The filing of that complaint did not toll the statute of limitations. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).

District Court properly dismissed Defendants Bliech, Jones, Lewis, Jastremski, Clark, Long, Bowden, Stachelek and McGrady from the complaint and properly granted summary judgment in favor of Galabinski. Therefore, we will affirm the District Court judgment. Bartelli's motions for the appointment of counsel are denied.