

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# Brennan v. Kulick

Precedential or Non-Precedential: Precedential

Docket No. 04-1866

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brennan v. Kulick" (2005). *2005 Decisions*. Paper 1097.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1097

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

———

No. 04-1866

———

WILLIAM J. BRENNAN,

<u>Appellant</u>

v.

EUGENE KULICK, individually and as Commissioner of Little
Falls Fire Department and as Committeeman for the Township
of Little Falls; JANICE SANDRI, individually and as Deputy
Commissioner of the Little Falls Fire Department and as
Committeewoman for the Township of Little Falls; RICK
RICCIARDELLI, individually and as committeeman for the
Township of Little Falls; TERRY RYAN, individually and as a
Committeeman for the Township of Little Falls;
CHRISTOPHER PARANY, individually and as Committeeman
for the Township of Little Falls; WILLIAM WILK, individually
and as Business Administrator or Clerk of the Township of Little
Falls; JAMES SEGRETO, individually and as Head of the Legal
Department of the Township of Little Falls;
TOWNSHIP OF LITTLE FALLS

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-03837)
District Judge: Hon. Joseph A. Greenaway, Jr.

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2005

BEFORE: BARRY, AMBRO and  COWEN, <u>Circuit Judges</u>

(Filed:   May 13, 2005)

Mark E. Ruffolo, Esq.
145 North Franklin Turnpike
Suite 209
Ramsey, NJ 07446

Counsel for Appellant

Rosaria A. Suriano, Esq.
Podvey, Sachs, Meanor, Catenacci,
   Hildner & Cocoziello
One Riverfront Plaza
The Legal Center, 8th Floor
Newark, NJ 07102

Counsel for Appellees

---

OPINION

---

COWEN, Circuit Judge.

William J. Brennan appeals the March 1, 2004 order of the District Court denying his renewed motion to vacate the District Court's previous order dated January 27, 2003, and dismissing his complaint with prejudice.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We will reverse and remand.

I.

This case has a long, tortured, and protracted procedural history.  On August 13, 2001, Brennan, proceeding *pro se*, filed a complaint alleging violations of 42 U.S.C. §§ 1983 and 1985, the First, Fourth, and Fourteenth Amendments of the United States Constitution, and various state laws.

The District Court promulgated a scheduling order on November 26, 2001.  Defendants repeatedly complained that

2

Plaintiff was not complying with his discovery obligations. In response, the District Court entered four separate discovery-related orders.[1] The last of these orders was dated December 19, 2002, and sanctioned Brennan for his refusal to follow the previous orders. Paragraph 1 of this order instructed Brennan to pay a monetary sanction by December 23, 2002.

Brennan failed to pay the sanction on time. The District Court therefore dismissed his complaint without prejudice by order dated January 27, 2003. The order states in relevant part:

> 1. That plaintiff's Complaint shall be and the same is hereby dismissed without prejudice because of plaintiff's failure to comply with paragraph (1) of the December 19, 2002 Case Management Order;
> 2. That if plaintiff fails to comply with the December 19, 2002 Case Management Order and if the Complaint is not reinstated within 30 days, the Complaint shall be dismissed with prejudice upon application of defendants;

(App. at 51.)

Brennan retained present counsel on February 25, 2003.[2] On that date, Brennan's counsel filed a motion to vacate the January 27, 2003 dismissal without prejudice, or, in the alternative, to enlarge the time to reply. In addition, on the previous day counsel sent by overnight mail an attorney trust check to Defendants' counsel in satisfaction of the monetary

---

[1] These orders include a January 31, 2002 order compelling discovery, a September 23, 2002 discovery order directing Brennan to comply with discovery, a November 12, 2002 amended discovery order instructing Brennan to provide discovery by specified dates, and a December 19, 2002 case management order.

[2] Brennan had initially secured counsel in October, 2002. In early January, 2003, former counsel withdrew from representation and Brennan again proceeded *pro se* until present counsel entered an appearance on February 25, 2003.

sanction. Defendants' response requested that the District Court condition any reinstatement of Brennan's complaint (which had been dismissed without prejudice) on his compliance with *all* discovery.

On May 8, 2003, the District Court entered its next order, which did not vacate the January 27, 2003 dismissal without prejudice but did allow plaintiff to "renew [his] application to vacate at a later time."[3] (*Id.* at 61.) On July 31, 2003, Brennan filed another motion to vacate the January 27, 2003 dismissal without prejudice, or, in the alternative, to receive an enlargement of time. A flurry of motions followed, and on March 1, 2004, the District Court granted Defendants' motion to dismiss the complaint with prejudice. The District Court found that the statute of limitations had expired *before* it dismissed the complaint without prejudice on January 27, 2003. Relying on the general principle that a statute of limitations is not tolled by the filing of a complaint which is dismissed without prejudice, the District Court reasoned that expiration of the statute of limitations precluded Brennan from rectifying the discovery deficiencies underlying the January 27, 2003 dismissal without prejudice. As such, the January 27, 2003 order constituted, in the District Court's view, a final and appealable order. This appeal followed.

## II.

We exercise plenary review over the District Court's decision to dismiss with prejudice Brennan's complaint on statute of limitations grounds. Ordinarily, an order dismissing a complaint without prejudice is not a final and appealable order. *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). This principle, however, does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice.

---

[3]The full text of this order states: "[T]he order of January 27, 2003 dismissing the above matter without prejudice shall remain in full force and effect; however, plaintiff may renew its application to vacate at a later time." (App. at 61.)

A "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed." *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). Therefore, the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint. *Ahmed*, 297 F.3d at 207. In these circumstances, the order dismissing the complaint without prejudice is considered a final and appealable order. *Id.*

The parties do not dispute that, absent tolling, the statute of limitations on Brennan's claims had expired prior to the January 27, 2003 order dismissing his complaint without prejudice. The District Court concluded that Brennan could not remedy the underlying discovery defect giving rise to the January 27, 2003 order, and thus on March 1, 2004, dismissed Brennan's complaint with prejudice and denied his renewed motion to vacate the January 27, 2003 order.

There is a notable distinction, however, between the instant case and those cases in which courts have found that the dismissal of a complaint nullified the original complaint. As noted, *Cardio-Medical* acknowledged the general rule that a complaint that is subsequently dismissed without prejudice is treated for statute of limitations purposes as if it never existed. Nevertheless, our Court held that an amended complaint, filed after Sherman Act claims were dismissed without prejudice because of deficiencies in the jurisdictional allegations, could *not* include a jury demand when no such demand was presented in the original complaint. *Id.* at 77. We distinguished that case from those in which the general rule had been applied, on the bases that the district court's order dismissing the Sherman Act claims gave leave for the plaintiffs to amend the jurisdictional allegations and refile an amended complaint within sixty days, and that plaintiffs had in fact amended and refiled their complaint as within the delineated time period. *Id.* We further noted that orders which dismiss a complaint without prejudice with leave to amend are not deemed final until either the time for amendment has expired or the plaintiff has announced its

intention to stand on its complaint. Until then, the dismissal "'is neither final nor appealable because the deficiency can be corrected by the plaintiff without affecting the cause of action.'" *Id.* (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam)). Buttressing our holding that the conditional order of dismissal without prejudice was not final were the procedures that followed when the new complaint was filed: "The amended complaint asserted identical claims under the Sherman Act. It was given the same docket number as the original complaint, and it was assigned to the same district judge. No new filing fees were paid, and no new summons was served on the defendants." *Id.* Thus, the plaintiffs remained bound to their waiver of jury trial on the basis of the original pleadings. *Id.*

The *Cardio-Medical* Court squared this holding with those cases which held that a dismissal without prejudice does not toll a statute of limitations. Significantly, the Court stated that the "finality of the dismissal" was the determinative element, as the rule has *only* been applied in cases where there was a final order of dismissal. *Id.* We thus concluded, in dicta, that the limitations period *is* tolled by the filing of a complaint which is later dismissed without prejudice if the order of dismissal grants leave to amend within a time certain. In such cases, the expiration of the limitations period does not convert the otherwise non-final order of dismissal without prejudice into a final appealable order. Rather, the order becomes final and appealable only when the time for amendment has expired or the plaintiff declares its intention to stand on the complaint.

This distinction drawn between final and conditional orders of dismissal in this context is sound and persuasive. An order merely dismissing a complaint without prejudice could result in a significant period of delay prior to the bringing of a new action. In contrast, conditional, otherwise non-final orders (like the ones here and in *Cardio-Medical*), set forth a time limit within which the deficiency must be corrected before the complaint is to be dismissed with or without prejudice. The conditions specified in the order prevent a plaintiff from indefinitely extending the limitations period. In addition, a rule

characterizing conditional orders of dismissal without prejudice as final and appealable orders would create the risk of multiple litigation: plaintiffs may choose to simultaneously file a direct appeal from the order to the Court of Appeals while also continuing to litigate in district court by attempting to comply with the conditions outlined in the order. Accordingly, we hold that when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions.

The circumstances presented in this case parallel those in *Cardio-Medical*. As in *Cardio-Medical*, the January 27, 2003 order of dismissal without prejudice contained explicit conditions providing for reinstatement of the complaint upon Brennan's satisfaction of certain discovery obligations. Neither the parties nor the District Court treated Brennan's complaint as not existing or contemplated that the January 27, 2003 order was final and appealable. Instead, the District Court retained control over the case; discovery continued; the District Court issued additional orders (including the May 8, 2003 order that continued the January 27, 2003 order and explicitly allowed Brennan to renew his motion to vacate the dismissal without prejudice at a later time); and the District Court otherwise retained jurisdiction over the case as it proceeded. Under these circumstances, we refuse to indulge the myth that Brennan's complaint never existed, as the actions taken by the District Court and the parties following the dismissal without prejudice prove otherwise.

The March 1, 2004 order, from which Brennan appeals, effectively terminated Brennan's lawsuit solely on the basis of discovery violations–a particularly harsh result under the circumstances. In dismissing the complaint without prejudice on January 27, 2003, the District Court expressly provided Brennan with additional time to comply with his discovery obligations and an opportunity to reinstate his complaint. Ordinarily, that order would ripen into a final order upon expiration of the fixed time period if Brennan made no attempt to satisfy the stated

7

conditions. *See, e.g.*, *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001). The problem in this case, however, is that although Brennan's present counsel took steps to meet the conditions of the January 27, 2003 order, the District Court never ruled upon whether those conditions had been satisfied. This is apparent from the order of May 8, 2003, which continued the original order in response to Defendants' request that the complaint not be reinstated until Brennan completed *all* discovery obligations. If Brennan did satisfy the January 27, 2003 order, then in light of our analysis, it never ripened into a final, appealable order.

## III.

The District Court erred in its order of March 1, 2004, in dismissing the complaint with prejudice without considering Brennan's renewed motion to vacate the dismissal without prejudice on the grounds that he had complied with the conditions of dismissal. Accordingly, we will reverse the March 1, 2004 order of dismissal with prejudice and will remand this case to the District Court for it to consider whether Brennan has complied with the conditions of the January 27, 2003 order of dismissal without prejudice. If he has complied, the complaint is to be reinstated.

8