**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1603
_____

HAROLD LEE,

Appellant

v.

WILMA SEWELL, Corr. Health Care
Admin., S.C.I.; JUDY RODICHOK,
Supervisor Medical Dept., S.C.I.
Coal TWP; JOSEPH KORT, Dr., Doctor
S.C.I. Coal TWP; MARVA CERULLO,
Admin. Med. Dept.; EDLEMAN, Head
of PHS of PA; BETTY SUE PUGLA,
Nurse, Med. Dept.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-CV-01026)
District Judge: Honorable John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
December 23, 2005

Before: BARRY, STAPLETON AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed December 23, 2005)

_____

OPINION

_____

PER CURIAM

Harold Lee, an inmate at SCI-Mahanoy (formerly imprisoned at SCI-Coal Township), appeals from an order of the United States District Court for the Middle District of Pennsylvania, granting the motion to dismiss filed by Defendants/Appellees Joseph Kort, M.D., Judy Rodichok and Adam Edelman, and dismissing the complaint as to Defendants Betty Sue Pugla, Wilma Sewell and Marva Cerullo as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm the dismissal of claims against Defendants Kort, Rodichok and Sewell as time-barred. We will vacate the District Court order insofar as it dismisses claims against Edelman, Pugla and Cerullo, and will remand for further proceedings regarding those claims.

As the parties are familiar with the facts, we will discuss them only to the extent necessary to explain our decision. Lee's amended complaint named three defendants from the medical department at SCI-Coal Township and three from SCI-Mahanoy. The complaint alleged lack of treatment and improper treatment for tuberculosis, Hepatitis C and sleep apnea. Lee alleges he was diagnosed with Hepatitis C in 1997 at a Veterans hospital, and treatments were ordered, but he was incarcerated the next day at a prison not equipped to treat Hepatitis. He was transferred to SCI-Coal Township in 1998, and initially refused treatment, because he was suspicious of Dr. Kort's (a doctor at the

2

prison) reputation, but later asked to be treated. He alleges his complaints of lack of treatment were ignored, but that in 2001, one of the doctors ordered treatment. However, he was then transferred to SCI-Mahanoy. Dr. Edelman, the resident doctor, insisted that he wait another year for new medicine (pegylated interferon). Treatment finally started in March, 2002. After eight months, he had pains again, and Nurse Pugla told him he would have to wait four months for a new Department of Corrections protocol. After about a year, when the new protocol came, Nurse Pugla told him there was nothing she could do for him. Lee's complaint also alleges that he tested positive for tuberculosis every year, but was never treated, and that a doctor ordered surgery for his sleep apnea, but no treatment was given.

Three of the defendants (Dr. Kort, Dr. Edelman, and Judith Rodichok, who was medical director at SCI-Coal Township) filed a motion to dismiss. The District Court found that the allegations against Dr. Kort and Rodichok were time-barred, as Lee filed his original complaint on June 20, 2003,[1] and all allegations against those two defendants occurred, at the latest, sometime in 2000. The Court also found that any claim relating to Lee's treatment for TB was barred, because he was diagnosed with TB in 1997.

---

[1] Edelman argued below that Lee's amended complaint does not relate back to the original, as Edelman was not named in the original complaint and was not served with an amended complaint before the period of limitations expired. See Brennan v. Kulick, 407 F.3d 603 (3d Cir. 2005) (statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice as original complaint is treated as if it never existed). The District Court did not address this argument, and Edelman did not raise the argument in his appellate brief. He has thus waived the argument, and we will not address it. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).

The District Court dismissed the complaint as to Dr. Edelman and Nurse Pugla, finding that Lee did not state a valid claim for medical mistreatment under the Eighth Amendment, but rather had alleged only a disagreement concerning what the appropriate treatment was for his condition.

The District Court dismissed the complaint as to Wilma Sewell, Administrator of the medical department at SCI-Coal Township and as to Marva Cerullo, Administrator of the medical department at SCI-Mahanoy stating that Lee was attempting to impose liability based on respondeat superior. Lee's complaint alleged that these two defendants ignored his grievances and complaints about his medical treatment. The Court also found that Lee's conspiracy claim was wholly without merit.

We exercise plenary review over the District Court's order granting appellees' motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). When reviewing a complaint under Rule 12(b)(6), the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. Id.

We agree with the District Court's dismissal of those claims that occurred prior to Lee's transfer to SCI-Mahanoy, as time-barred. Assuming his amended complaint relates back to the original complaint, any allegations based on occurrences prior to June 2001 are time-barred. Thus, the Court properly dismissed claims against Kort, Rodichok and

4

Sewell.[2]

We disagree, however, that Lee's amended complaint fails to state a claim as to defendants Edelman and Pugla. To succeed on an Eighth Amendment claim Lee must demonstrate two things: "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious."[3] Rouse v. Plainter, 182 F.3d 192, 197 (3d Cir. 1999). Lee alleges that despite two doctors having told him he should begin treatment for Hepatitis C, Dr. Edelman told him he would have to wait a year for new medicine, even though he knew he would have no control over when the medicine would arrive. Lee alleges that this delay allowed his disease to progress to the point where it was no longer treatable. In Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir.1987), this Court stated, "Short of absolute denial, if necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out." (Internal quotation omitted). It may be that Edelman's decision to postpone treatment for a year was based on a medical judgment, but taking the allegations of the complaint to be true, it may also be that it was based on deliberate

---

[2] We further agree, for the reasons stated by the District Court, that Lee's amended complaint does not state a claim for conspiracy.

[3] We assume, as did the District Court, that Lee's Hepatitis C condition constituted a serious medical need. We further find that tuberculosis and sleep apnea are potentially serious medical needs, although it is less clear from the record how Lee has been affected by these conditions. Lee's amended complaint can be construed as alleging that he has a continuing problem of lack of treatment for TB and sleep apnea; thus, the District Court should reexamine on remand whether claims based on these conditions are time-barred.

indifference. Similarly, Nurse Pugla told him he needed to wait four months for a new protocol. It is not clear from the record that her actions were based on medical judgment. See Broughton v. Cutter Laboratories, 622 F.2d 458 (9th Cir.1980) (six-day delay in treatment of hepatitis might constitute deliberate indifference).[4]

As to the claims against Cerullo, Lee alleges in his amended complaint that he submitted grievances and complaints to Cerullo, and that she ignored them. Thus, it appears that Lee's allegations against Cerullo are based on her direct actions or inaction, rather than on respondeat superior.[5]

For the foregoing reasons, we will affirm the order of the District Court in part, and vacate and remand in part.[6]

---

[4] A prisoner is prohibited from commencing any section 1983 action regarding prison conditions until all "administrative remedies as are available" have been exhausted. See 42 U.S.C. § 1997e. Non-exhaustion is an affirmative defense to be pleaded and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). It is not clear whether Lee exhausted available administrative remedies. We note that the motion to dismiss filed by Kort, Rodichok and Edelman argued that the amended complaint should be dismissed because Lee had not pleaded exhaustion in his complaint. The motion did not assert, however, that Lee had not actually exhausted administrative remedies. As the defendants had the burden of proving non-exhaustion, they have arguably waived the defense. We leave it to the District Court to determine this issue in the first instance on remand.

[5] We will let the District Court determine in the first instance whether Lee otherwise states a claim against Cerullo for which relief may be granted.

[6] The motion for appointment of counsel is denied. The District Court may wish, however, to appoint counsel on remand.