

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Bartelli v. Nagy

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bartelli v. Nagy" (2007). *2007 Decisions.* Paper 1297.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1297

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-153**                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1311
_____

KEITH BARTELLI, Appellant

v.

NAGY; DONALD JONES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00910)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Due to Untimeliness or
Possible Dismissal under 28 U.S.C. § 1915(e)(2)(B)
March 15, 2007

Before:   BARRY, AMBRO and FISHER, Circuit Judges

(Filed:  April 16, 2007)
_____

OPINION
_____

PER CURIAM

        Keith Bartelli appeals from the District Court's grant of summary judgment

in favor Defendants Nagy and Jones.  Because we conclude that Bartelli's appeal presents

no substantial question, we will summarily affirm.

Bartelli is a prisoner and filed his two-count complaint against the Defendants in April 2004. In the complaint, Bartelli alleged that in April 2001, he received a false prisoner misconduct charge by Nagy in retaliation for filing a prisoner grievance ("Count I"). Next, Bartelli alleged that hearing examiner Jones denied Bartelli the opportunity to present witnesses at the disciplinary hearing in April 2001 ("Count II").

On September 27, 2005, the District Court adopted the report and recommendation of the Magistrate Judge and granted summary judgment in favor of the Defendants. The Magistrate Judge concluded that Bartelli's claims were time barred and that he failed to exhaust his administrative remedies. In November 2005, Bartelli filed an "application for bill of judicial review," which was construed as a motion for reconsideration. The District Court denied Bartelli's "motion for reconsideration" on December 21, 2005. Bartelli executed a notice of appeal on January 12, 2006.

II.

We must first determine whether Bartelli filed a timely notice of appeal. As previously stated, the District Court granted summary judgment in favor of the Defendants on September 27, 2005. Bartelli's "motion for reconsideration" did not toll the time to file an appeal because it was untimely. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Therefore, Bartelli would normally have thirty days from September 27, 2005, to file a notice of appeal. As previously noted, Bartelli did not file his notice of appeal until January 2006. However, for the following reasons, we find that

Bartelli's notice of appeal is timely.

"Federal Rule of Appellate Procedure ("FRAP") 4 - in conjunction with Federal Rule of Civil Procedure 58 - sets out the mechanism for determining when the time to appeal begins." In re Cendant Corp. Sec. Litig., 454 F.3d 235, 240 (3d Cir. 2006). "'[I]f Federal Rule of Civil Procedure 58(a)(1) requires a separate document' to put the parties on notice that the time to appeal has started, the appeal period begins on the earlier of (1) when that separate document is entered or (2) when 150 days have run from the entry of the Order in the docket." Id. Because Bartelli's notice of appeal was filed more than thirty days after the District Court's September 27, 2005 memorandum-order, but before 150 days lapsed, whether Bartelli timely filed a notice of appeal depends on whether the District Court's September 27, 2005 memorandum-order qualifies as a separate document.

In In re Cendant Corporation Securities Litigation, 454 F.3d at 241, this Court explained when an order will be treated as a separate document: "first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." The September 27, 2005 memorandum-order does not satisfy the third criterion. The separate document rule does not allow for an extended presentation of the facts and procedural history. See id. at 243. Here, due to the District Court's presentation of the facts and procedural history in the September 27, 2005 memorandum-order, it does not constitute a separate document.

3

Therefore, Bartelli's January 2006 notice of appeal was timely because it was filed within 150 days of the September 27, 2005 memorandum-order.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review over the District Court's grant of summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

III.

The District Court properly granted summary judgment in favor of the Defendants. While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions." Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996). The statute of limitations on Bartelli's claims is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Furthermore, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)(citation omitted). Bartelli knew or should have known of his alleged injuries more than two years prior to filing this complaint. Thus, Bartelli's April 2004 complaint was filed beyond the statute of

4

limitations.[1]

## IV.

We conclude that Bartelli filed a timely notice of appeal. Additionally, we conclude that the District Court properly granted summary judgment in favor of the Defendants because Bartelli's claims are time barred. Therefore, we will affirm the District Court judgment. Bartelli's motions for the appointment of counsel are denied.

---

[1] Bartelli previously filed a complaint in the Middle District of Pennsylvania against dozens of Defendants (including Nagy and Jones) that was dismissed without prejudice. See Bartelli v. Beard, Civ. No. 03-cv-00234. The filing of that complaint did not toll the statute of limitations. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).