ELD-007                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4748
_____

TED A. MCCRACKEN,
                                                        Appellant

v.

EXXON/MOBIL; SUN OIL COMPANY (SUNOCO); SHELL OIL COMPANY;
TEXACO; BRITISH PETROLEUM; CONOCOPHILLIPS, COMPANY; HESS OIL
COMPANY; JOHN DOE VICE PRESIDENT, MARKETING EXXON/MOBIL
COMPANY, HIS PREDECESSOR AND SUCCESSOR; JOHN DOE 1 VICE
PRESIDENT, ENGINEERING, EXXON/MOBIL COMPANY, HIS PREDECESSOR
AND SUCCESSOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-CV-02932)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2010

Before: FUENTES, SMITH and VANASKIE, Circuit Judges

(Opinion filed:  November 8, 2010)
_____

OPINION
_____

PER CURIAM

        Ted A. McCracken appeals from an order of the United States District Court for

the Eastern District of Pennsylvania that granted defendants' motions to dismiss his complaint. Appellees (defendants below) have filed motions to summarily dismiss the appeal or to summarily affirm the District Court's order.

McCracken, proceeding pro se, filed a complaint on June 26, 2008 against several gasoline and oil companies. The District Court construed McCracken's complaint as alleging that the companies "sold him gasoline, which he used to fuel his vehicles, allowing them to travel at increased speeds, and exposing him to heightened levels of radiation causing him to contract thyroid cancer." Dist. Ct. Op. at 3. McCracken sued based on several theories of liability, most of which sounded in personal injury. Id. at 6. The District Court noted that McCracken also raised claims alleging breach of express and implied warranties of merchantability. Id. at 9.[1]

Defendants filed various motions to dismiss, asking that the complaint be dismissed for lack of subject matter jurisdiction,[2] because it failed to state a claim, and because the claims were barred by the statute of limitations. McCracken filed four motions to amend his complaint, seeking to remove Sunoco from the complaint, so that there would be complete diversity of citizenship. See 28 U.S.C. § 1332. McCracken's responses to the motions to dismiss also opposed dismissal on statute of limitations grounds, because he believed a three-year statute of limitations applied to his personal injury claims.

---

[1]  McCracken has not contested the District Court's understanding of his allegations or his theories of liability.

[2]  Defendants argued that jurisdiction could not be based on diversity of citizenship, because McCracken and one of the defendants (Sunoco) were both

The District Court recognized that there was not complete diversity between the Plaintiff and the Defendants in the complaint as filed. The Court determined that amendment would be futile, however, because McCracken's proposed amendments did not cure the other deficiencies of the complaint; i.e., the untimeliness of the personal injury claims, and the lack of merit as to the remaining timely-filed claims. The District Court also dismissed without prejudice claims for breach of warranty of merchantability filed against Texaco and Hess Oil Company.[3] McCracken timely appealed.[4]

A District Court order dismissing a complaint without prejudice is not a final and appealable order where the plaintiff can cure the deficiency and refile the complaint. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir.2002). Where the statute of limitations has run by the time the court orders dismissal without prejudice, the plaintiff cannot cure the deficiency, and the order is final and appealable. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). We agree with the District Court that the claims for breach of warranty of merchantability are subject to a four-year statute of limitations under Pennsylvania law. 13 Pa. Con. Stat. Ann. § 2725(a). Pursuant to § 2725(b) of that statute, the period of limitations runs from the time the allegedly defective product was sold. McCracken's complaint alleged that he purchased gasoline from the defendants

---

Pennsylvania citizens.

[3] The Court dismissed those claims without prejudice under Fed. R. Civ. P. 4(m) and 41(b) for failure to effect service.

[4] This appeal was originally listed for possible dismissal because it appeared to be untimely filed. Although the District Court docketed the Notice of Appeal on the 31st day following the District Court's order, a date stamp on the Notice of appeal supports McCracken's allegation that he placed the notice of appeal in the District Court's after-hours drop box on the 30th day. The appeal is thus timely. Fed. R.

from October 1997 until the date he was diagnosed with cancer on June 21, 2005. Complaint, ¶ 20. We agree with the District Court that the latest date for bringing the breach of warranty claims was four years from June 21, 2005; about June 22, 2009.[5] The statute of limitations had thus expired by the time the District Court dismissed without

prejudice the breach of warranty claims filed against Texaco and Hess Oil Company on November 16, 2009. As McCracken could no longer cure the deficiency as to those claims, the District Court's order is final and appealable.

The District Court properly found that McCracken's personal injury claims would be barred by Pennsylvania's two-year statute of limitations for such claims. See 42 Pa. Con Stat. Ann. § 5524 (West 2002). McCracken argues that the period of limitations should run from when he discovered his cancer, on June 21, 2005. However, as the District Court noted, McCracken's claims are time-barred even if one applies the date when McCracken discovered his cancer, rather than some earlier date when the injury was sustained. McCracken argues that a three-year period of limitations applies, but he provides no legal support for his argument. We further agree with the District Court that McCracken's claims for breach of warranty claims were timely when filed, but that they are without merit.[6] The Court thus was correct to find, given the problems with the

App. P. 4(a)(1).

[5] June 21, 2009 was a Sunday.

[6] In any event, McCracken's summary action response does not challenge the District Court's findings regarding the breach of warranty claims; rather, he asks that this Court remand the matter so that he could amend the complaint and redraft those claims. McCracken has waived any argument that the

4

personal injury claims and breach of warranty claims, that allowing McCracken to amend his complaint to create diversity of citizenship would be futile.

For the foregoing reasons, we will affirm the District Court's judgment.

District Court incorrectly concluded that his breach of warranty claims were without merit. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).