**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3711
_____

LEROY T. MOORE,
                                        Appellant

v.

MIDDLESEX COUNTY PROSECUTORS OFFICE; CARTERET
POLICE DEPARTMENT; JOSEPH CELENTANO, individually
and in his official capacity; CRAIG MARCHAK; IVAN SCOTT;
INVESTIGATOR RODRIGUEZ; MICHAEL DAMMAAN,
Carteret Police Officer; LARISSA BERRIOS; LASPINO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-06751)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2018
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion Filed: June 7, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Leroy T. Moore, who is serving a New Jersey state prison sentence, appeals from the District Court's final order dismissing his complaint. We will affirm.

## I.

This appeal is from the dismissal of the second of two lawsuits that Moore filed relating to the search of his home and his arrest on August 28, 2009. That search and arrest led to criminal charges. Moore ultimately pleaded guilty to several of those charges, including possessing cocaine with the intent to distribute it within 1,000 feet of a school in violation of N.J. Stat. Ann. § 2C:35-7.1.

Moore filed his first suit in 2011. (D.N.J. Civ. No. 2-11-cv-00281.) He asserted several claims under 42 U.S.C. § 1983, including a claim of malicious prosecution and a claim that the August 28 search and arrest were illegal because a detective forged the warrant. The District Court granted Moore leave to proceed in forma pauperis ("IFP"). The District Court then dismissed most of Moore's claims for failure to state a claim, but it allowed his claim of illegal search and arrest to proceed.

During discovery, the District Court stayed the action pending developments in Moore's state-court criminal case. Defendants later filed a motion to lift the stay and for summary judgment seeking revocation of Moore's IFP status and the dismissal of the action on the ground that he had three "strikes" under the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g). The District Court granted that motion and dismissed the action by order entered September 19, 2013. The District Court did so without prejudice to Moore's ability to refile his complaint after paying the applicable fees. The District

2

Court did not provide any deadline for payment. The District Court's order was immediately appealable both because it denied Moore IFP status, see Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc), and because the statute of limitations governing Moore's last remaining claim had expired as discussed below, see Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Moore, however, did not appeal.

Instead, approximately 18 months later in 2015, Moore began sending the District Court letters stating his intention to pay the fees and proceed with his claims. Then, in July of 2015, almost two years after the District Court dismissed his 2011 action, Moore notified the District Court that he had paid most of the fees and requested leave to proceed. In response, the District Court notified Moore that he could file a new complaint containing his claims after paying the remaining fees. The District Court warned Moore, however, that his previous claims likely were barred by the statute of limitations. Moore nevertheless paid the remaining fees and filed a new complaint, which the District Court docketed as the separate 2015 civil action at issue here.

Moore's new complaint contained some but not all of the claims he asserted in his previous complaint. The District Court screened Moore's complaint pursuant to 28 U.S.C. § 1915A and dismissed all but his malicious prosecution claim under the statute of limitations. The District Court twice allowed Moore to amend his malicious prosecution claim before ultimately allowing it to proceed beyond the screening stage. Defendants later filed a motion to dismiss the malicious prosecution claim under Fed. R. Civ. P.

3

12(b)(6). The Court granted that motion, dismissed Moore's malicious prosecution claim for failure to state a claim, and directed its Clerk to close the case. Moore appeals.[1]

## II.

Moore challenges both the dismissal of his malicious prosecution claim for failure to state a claim and the dismissal of his remaining claims under the statute of limitations. We address those issues in turn.

### A. Malicious Prosecution

Defendant Joseph Celentano filed a criminal complaint against Moore charging him with committing several crimes on August 28, 2009, including possessing cocaine with intent to distribute within 1,000 feet of a school. The complaint identified the school as Nathan Hale Elementary School. Moore was later indicted on the charges contained in the complaint (and others). The indictment, however, charged Moore with possessing cocaine on August 28, 2009, within 1,000 feet of a different school, one called Columbus Elementary School. Following protracted proceedings in state court, Moore

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review of dismissals for failure to state a claim under 28 U.S.C. § 1915A and Rule 12(b)(6) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017) (quotation marks omitted). We note that we granted Moore leave to proceed IFP on appeal despite the "three strikes" provision of 28 U.S.C. § 1915(g). We did so solely on the basis of the record before us and solely for purposes of this appeal. The District Court's ruling in Moore's 2011 action that he has three strikes is not before us on appeal and, although the District Court again denied IFP status in this case after Moore already had paid the fees, Moore has not challenged that ruling. Thus, we express no opinion on the correctness of the District Court's ruling that Moore has three strikes.

ultimately pleaded guilty to that charge (and others) in May 2013.

Moore claims that Celentano maliciously prosecuted him by filing the "Nathan Hale" charge. One of the elements of a claim of malicious prosecution is that the criminal proceeding must have terminated in the plaintiff's favor "in a way that indicates the innocence of the accused." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009) (en banc). This element requires termination of a "proceeding," and it is not satisfied by the favorable termination of a single charge when a defendant is convicted of others unless the termination of that charge "indicate[s] the plaintiff's innocence of the alleged misconduct underlying the offenses charged" as a whole. Id. at 188. The District Court concluded that Moore failed to plausibly allege this element, and we agree.

Moore argues that the proceeding initiated by the complaint terminated in his favor because he was never indicted on the "Nathan Hale" charge and pleaded guilty to the "Columbus" charge instead. Moore, however, has not plausibly alleged that the proceeding as a whole terminated in his favor in a manner indicating his innocence. Both the criminal complaint and the indictment charged Moore with committing the same cocaine-related crimes on the same date. The indictment charged possession of cocaine within 1,000 feet of a different school, but we are aware of no authority suggesting that the identity of the school is an element of the crime under New Jersey law and at least one court has concluded that "[t]he elements of the [analogous federal] offense . . . can be established without reference to the name of the school[.]" See United States v. Landers, 417 F.3d 958, 964 (8th Cir. 2005) (addressing 21 U.S.C. § 860).

In any event, Moore's plea of guilty to possessing cocaine within 1,000 feet of a school together with other crimes charged in the complaint is not a favorable termination of the proceeding as a whole. Thus, the District Court properly dismissed this claim.

### B.    Moore's Remaining Claims[2]

The District Court also properly dismissed Moore's remaining claims as barred by the statute of limitations. There is no question that these claims were untimely when Moore filed his 2015 complaint, and Moore does not argue otherwise. The statute of limitations for § 1983 claims arising in New Jersey is two years. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). Moore asserted his remaining claims in the initial complaint that he filed on January 18, 2011, so they obviously had accrued by then. Thus, the statute of limitations had expired when the District Court dismissed the 2011 action more than two years later on September 19, 2013.

The District Court dismissed the 2011 action without prejudice to Moore's ability to proceed by paying the fees, but that dismissal did not serve to toll the statute of

---

[2] Moore filed a premature appeal from the District Court's order dismissing these claims on statute of limitations grounds. (C.A. No. 15-3540.) We dismissed that appeal because Moore's malicious prosecution claim remained pending in the District Court. Some of the defendants now argue that we lack jurisdiction to review this order of dismissal because (1) Moore can seek review of the order only by "reinstating" his previous appeal, and (2) Moore cannot do so because that appeal was untimely as to the District Court's order dismissing the 2011 action. We disagree. Now that the District Court has entered its final order, Moore's timely appeal from that order permits him to challenge all previous orders in this case, including the initial order dismissing these claims on statute of limitations grounds. See Palakovic, 854 F.3d at 220. Moore does not need to "reinstate" his previous appeal in order to do so. Nor does the District Court's disposition of the 2011 action have any bearing on the timeliness of Moore's appeal from

6

limitations. As we have explained, "[a] statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." Brennan, 407 F.3d at 606 (quotation marks omitted). We have recognized one exception: "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order <u>containing conditions for reinstatement within a specified time period</u>, the statute of limitations is tolled provided that the plaintiff meets those conditions." Id. at 607 (emphasis added). That requirement is important because, without it, there would be nothing to "prevent a plaintiff from indefinitely extending the limitations period." Id.

This exception does not apply because the District Court's order did not provide for reinstatement within a specific time period. Indeed, this case illustrates the concerns we raised in Brennan. Moore waited over 18 months following the District Court's dismissal of his 2011 action before contacting the District Court again, and he waited almost two years before beginning to pay the fees and formally requesting reinstatement. The prospect of such delays is precisely why we require some time limitation in an order of dismissal before permitting automatic tolling in this context.

There are other potential avenues for relief from the statute of limitations. At the

the disposition of the 2015 action at issue here.

7

Clerk's direction, the parties have addressed whether there may have been a basis to equitably toll the statute of limitations or to construe one or more of Moore's filings as a motion under Fed. R. Civ. P. 60(b). Neither avenue provides a basis for relief.[3]

"[E]quitable tolling may be appropriate if a litigant can demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 212 (3d Cir. 2014) (quotation marks omitted).

Moore relies on two circumstances, but neither is extraordinary. First, Moore argues that the District Court should have continued the stay of his 2011 action pending developments in state court instead of revoking his IFP status and dismissing it. If Moore wanted relief from that ruling, however, then he could and should have appealed from the final judgment in his 2011 action. Second, Moore relies on the District Court's statement in its opinion supporting the final judgment in the 2011 action that he could "reinstate" that action by paying the fees (though the District Court's actual order referred to his ability to "refile" it). That statement could not have constituted an extraordinary circumstance because, when the District Court made it in dismissing the 2011 action, the statute of limitations already had expired and there was nothing left to toll.

Even if these circumstances were extraordinary, however, Moore has raised

---

[3] The District Court did not address these issues, so we ordinarily might remand for the District Court to do so in the first instance if they warranted further development. Moore has had an opportunity to address these issues on appeal, however, and he has raised nothing suggesting that remand might be warranted.

8

nothing suggesting that he acted with reasonable diligence. Moore waited over 18 months after dismissal of the 2011 action before beginning to contact the District Court again, and he waited almost two years before formally requesting reinstatement and starting to pay the fees. Moore has never provided any explanation for this delay. Permitting equitable tolling in this situation would in essence provide Moore with the very indefinite tolling that we took pains in <u>Brennan</u> to prevent.

We decline to remand for consideration of Rule 60(b) relief for much the same reason. Moore's filing-related correspondence consisted of little more than a bare request to pay the fees and proceed with his claims. Moore provided no explanation for seeking to do so almost two years later, let alone anything potentially warranting Rule 60(b) relief. Moreover, before Moore paid the remainder of the fees, the District Court expressly informed him that he could file a new complaint after paying the remaining fees but that his original claims would "likely" be barred by the statute of limitations. Moore nevertheless paid the remaining fees and filed a new complaint. Moore has not shown any basis for Rule 60(b) relief under these circumstances.

III.

For these reasons, we will affirm the judgment of the District Court.

9