NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 20-1645

———————————

RICHARD C. ANGINO; ALICE K. ANGINO;
ANGINO LAW FIRM, P.C.; KING DRIVE CORP.,
                                                    Appellants

v.

BRANCH BANKING AND TRUST COMPANY

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-01618)
District Judge: Honorable Christopher C. Conner

———————————

Submitted under Third Circuit LAR 34.1(a)
On November 20, 2020

Before: AMBRO, BIBAS and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 12, 2021)

———————————

OPINION[*]

———————————

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Richard Angino, Alice Angino, Angino Law Firm, P.C., and King Drive Corp. appeal the District Court's Order of March 4, 2020, dismissing their four-count Complaint against Branch Banking and Trust Company (BB&T)[1] for failure to state a claim. Appellants also claim the District Court erred by not striking BB&T's motion to dismiss and by striking Appellants' jury trial demand. For the reasons below, we will affirm.

I.[2]

In February 2007, the Anginos borrowed $2.2 million from Graystone Bank, a predecessor-in-interest to BB&T. The loan was evidenced by a promissory note and secured by a mortgage on 4503 North Front Street, Harrisburg, Pennsylvania. Also in 2007, the Angino Law Firm's predecessor obtained a $1 million line of credit from Graystone Bank, evidenced by a promissory note. The Anginos guaranteed this line of credit. In February 2009, King Drive executed a Guaranty for the Anginos' and the law firm's loans. The Guaranty contains a confession of judgment provision that authorized BB&T to confess judgment against King Drive if it defaulted. The Anginos are King Drive's only officers and shareholders. In February 2013, the $1 million line of credit was replaced with a $600,000 line of credit and $400,000 term loan.

In 2016, BB&T filed suit for breach of contract against the Anginos, King Drive, and other corporate entities, seeking to collect on the $600,000 line of credit and

---

[1] BB&T is now known as Truist Bank.
[2] Because we write primarily for the parties, we discuss the facts and proceedings only to the extent necessary for resolution of this case.

$400,000 term loan.[3]  The Anginos challenged BB&T's claimed attorney's fees and costs but not the overdue principal and interest.[4]  After a bench trial, the court held for BB&T and awarded it attorney's fees and costs.[5]

Meanwhile, in September 2018, Dauphin County, Pennsylvania, had sold the 4503 North Front Street property to a subsidiary of BB&T at a tax upset sale because of unpaid real estate taxes.  In June 2019, BB&T filed a complaint for confession of judgment against King Drive in Pennsylvania state court, seeking to collect the unpaid balance on the $2.2 million note that King Drive had guaranteed and that had come due in February 2017.  The state court entered judgment for BB&T for $1.704 million, which was the amount BB&T had requested.

The Appellants brought the present action against BB&T in September 2019.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  The District Court dismissed two counts in the Complaint without prejudice.  Ordinarily, a dismissal without prejudice is not an appealable final order.[6]  However, an exception exists if the plaintiffs intend to "stand" on their complaint.[7]  Here, Appellants asserted that they intended to stand on

---

[3] *See* Compl., *Branch Banking & Tr. Co. v. Angino Law Firm*, *P.C.*, Nos. 1:16-CV-712, 1:16-CV-713 (M.D. Pa. Apr. 28, 2016), Dkt. No. 1.
[4] *See Branch Banking & Tr. Co. v. Angino Law Firm, P.C.*, No. 1:16-CV-712, 2018 WL 4404627, at *6 (M.D. Pa. Sept. 17, 2018), *aff'd*, 809 F. App'x 102 (3d Cir. 2020).
[5] *Id.* at *10.
[6] *See Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (citation omitted).
[7] *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam) (citations omitted).

3

their Complaint and that their Complaint, as pleaded, satisfied Rule 12(b)(6). Thus, we have jurisdiction to consider dismissal of all four claims.

III.

Our review of the District Court's Order dismissing the Complaint for failure to state a claim is plenary.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] A plaintiff pleads a claim when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] Here, the Complaint asserts four counts: (1) fraud, (2) abuse of process, (3) malicious use of process, and (4) a Dragonetti Act violation. We agree with the District Court that the counts failed to state a claim; we take each in turn.

The fraud count alleges that BB&T made several misrepresentations in documents filed in connection with its complaint for confession of judgment, including that BB&T was entitled to confess judgment at all. But the count fails to plead that Appellants relied on BB&T's statements, an element of fraud under Pennsylvania law.[11] The Complaint alleges that "[t]he fraud was relied upon in the entering of judgment and injured Plaintiffs as they now have a large judgment blocking any hope of obtaining any sort of funding."[12] This does not allege that anyone relied on the statements. The only plausible inference

---

[8] *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[10] *Id.* (citing *Twombly*, 550 U.S. at 556).
[11] *See Gibbs v. Ernst*, 538 Pa. 193, 207 (1994) (citation omitted).
[12] JA 13.

from this allegation is that the state court, not Appellants, somehow relied on the statements in entering the judgment. Because this count fails to plead a necessary element, it fails to state a claim.

The abuse of process count alleges that BB&T filed a "frivolous" complaint for confession of judgment "for the purpose of extorting money" from King Drive and "harassing" Appellants.[13] The elements of an abuse of process claim are that the defendant "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff."[14] The Complaint does not plead any facts suggesting that BB&T filed the suit for an improper purpose. The conclusory allegations that BB&T filed the suit to harass and extort Appellants are not enough to state a claim. Thus, this count also fails.

We consider counts three and four together because Pennsylvania has codified the tort of malicious use of process in the Dragonetti Act.[15] Count three alleges that BB&T "maliciously filed the Confession of Judgment action against Plaintiffs stating meritless claims."[16] Count four alleges that BB&T "filed frivolous claims in the form of a confession of judgment for improper purposes in a malicious manner."[17] An element of the tort of malicious prosecution is that the proceedings have been terminated "in favor of the person against whom they are brought."[18] However, Appellants do not allege that the

---

[13] JA 15.
[14] *P.J.A. v. H.C.N.*, 156 A.3d 284, 288 (Pa. Super. Ct. 2017) (citations omitted).
[15] *See* 42 Pa. C.S §§ 8351–55.
[16] JA 15–17.
[17] *Id.*
[18] 42 Pa. C.S. § 8351(a)(2).

confession-of-judgment proceeding has terminated in their favor. Therefore, these counts fail to state a claim.

IV.

Appellants also claim that the District Court erred in denying their motion to strike which asserted that BB&T's motion to dismiss was late.[19] BB&T had filed a short motion to dismiss within the deadline and explained that it would file an accompanying memorandum of law within 14 days, as permitted by the Middle District of Pennsylvania's local rules.[20] Appellants moved to strike BB&T's motion because the memorandum of law was not submitted by the deadline. The District Court denied the Appellants' motion.

We will affirm. The District Court explained that "[BB&T's] Rule 12 motion and to-be-filed brief are akin to a motion to extend time, which this court may grant in its discretion" under Rule 6(b)(1).[21] It also noted that "Rule 12 motions rarely, if ever, implicate finality of judgments or time limits for appeal."[22] For these reasons, the court was "not concerned with [BB&T] filing a supporting brief after filing its Rule 12 motion

---

[19] Relatedly, Appellants claim that BB&T's motion to dismiss lacked particularly in violation of Rule 7 because it was not accompanied by a timely filed memorandum of law. We review a decision on whether to strike a pleading for abuse of discretion. *See, e.g.*, *Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir. 2003).
[20] *See* M.D. Pa. Local Rule 7.5 (2014).
[21] JA 532.
[22] *Id.*

(so long as that brief is filed within the time allotted by the local rules)."[23]  The District Court did not abuse its discretion in so ordering.

## V.

Finally, Appellants cursorily challenge the District Court's decision to strike their jury trial demand.[24]  The $2.2 million note and King Drive's 2009 Guaranty "waive the right to any jury trial in any action, proceeding, or counterclaim."[25]  Parties can waive the right to a jury trial if the waiver is knowing and voluntary.[26]  Appellants, who include attorneys, do not offer any evidence that the waiver was not knowing or voluntary.  Thus, we will affirm the District Court on this point.

## VI.

We will affirm the District Court's Order of March 4, 2020.

---

[23] *Id.*

[24] Our review of this question is plenary.  *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 n.9 (3d Cir. 2007) (citation omitted).

[25] JA 24, 52.

[26] *Tracinda*, 502 F.3d at 222 (citation omitted).