CLD-004                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3575
_____

ROBERT FENNELL,
                            Appellant
v.

JOHN E. WETZEL; LONNIE OLIVER; LISA HOLLIBAUGH;
JON FISHER; TIMOTHY SUNDERLAND; EVELYN WHITESEL;
JACLYN GROVE; ANDREW GROVE; HARRY ERSEK;
EDWARD STOMBAUGH; ADAM NAREWOOD; THOMAS BICKERT;
RANDAL ABRASHOFF; BRYAN SHOPE; LYNNE ANNE GONZALEZ;
CHARLES MITCHELL; WILLIAM DREIBELBUS; MELISSA K. HOUCK;
JOHN CROUCH; C/O BANEY; DONALD BRITTON; TYLER DELL;
CRAIG RAUCH; JAY WHITESEL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:17-cv-01520)
District Judge: Honorable Matthew W. Brann

_____

Submitted on a Motion to Reopen, a Motion to Proceed In Forma Pauperis, for Possible
Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2021

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: October 13, 2021)

———————

OPINION[*]

———————

PER CURIAM

Robert Fennell, a Pennsylvania prisoner proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of the defendants. For the reasons that follow, we will summarily affirm.

In August 2017, Fennell filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF 1.) The District Court dismissed the complaint without prejudice and directed Fennell to file an amended complaint detailing all claims arising from incidents that occurred within the Middle District of Pennsylvania. (ECF 61.) In May 2019, Fennell filed an amended complaint, alleging that prison officers and employees at SCI Smithfield subjected him to unconstitutional conditions of confinement, used excessive force against him, confiscated his legal materials and other personal property, retaliated against him for filing grievances and civil lawsuits, impermissibly strip searched him, and denied him access to adequate medical treatment. (ECF 66.) The defendants filed a motion for summary judgment, arguing, among other things, that Fennell's claims were

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

brought outside the applicable statute of limitations. (ECF 82 & 95.) The District Court granted the defendants' motion. (ECF 102 & 103.) Fennell appealed.[1] (ECF 105.)

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). We may summarily affirm a decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

---

[1] On March 25, 2021, the Clerk dismissed the appeal because Fennell failed to pay the fees or submit an application to proceed in forma pauperis (IFP). Thereafter, Fennell filed a motion to reopen and an IFP application. The motion to reopen is granted because Fennell demonstrated good cause. See Fed. R. App. P. 3(a); 3rd Cir. LAR 3.3 & Misc. 107.1(a). The application to proceed IFP is also granted. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Fennell is required to pay the full $505.00 fee in installments even though we are summarily affirming the District Court's order. The Court hereby directs the warden or his or her designee to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the notice of appeal. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Middle District of Pennsylvania. In each succeeding month when the amount in Fennell's account exceeds $10.00, the warden, or his or her designee, shall forward payments to the United States District Court for Middle District of Pennsylvania equaling 20% of the preceding month's income credited to Houser's account until the fees are paid. Each payment shall reference the appellate docket number for this appeal. The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

The District Court properly held that the majority of Fennell's claims were time-barred. The statute of limitations applicable to § 1983 claims in Pennsylvania is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir.2009); see also 42 Pa. Cons. Stat. § 5524(2). The limitations period began to run when Fennell became aware, or should have been aware, that the alleged constitutional violations occurred. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). As the District Court explained, most of Fennell's claims accrued between 2011 and 2014. Even assuming that Fennell's amended complaint relates back to his original complaint for limitations purposes, the majority of the allegations are time-barred. Fennell has not asserted any basis for equitably tolling the limitations period. See Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009).

As the District Court noted, Fennell arguably raised a timely access to the courts claim based on alleged interference with his efforts to submit a complete IFP application in the lawsuit that he filed in 2015. See Fennell v. Wetzel, M.D. Pa. Civ. No. 4:15-cv-01959.[2] In particular, he suggested that prison officials informed him that they had complied with his request to provide the District Court with his prison account statement, when in fact no such statement had been filed. Compl., at 17 (ECF 66) (stating that "[o]n

_____

[2] The District Court dismissed the action without prejudice because Fennell failed to comply with an order directing him to pay the filing fee or submit a complete IFP application. That case did not toll the statute of limitations with respect to the underlying complaint. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) ("A 'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'") (citation omitted). We note that the dismissal order did not contain conditions for reinstatement within a specified time period. Id. at 607.

October 30, 2015[,] Plaintiff received a response back from inmate account confirming that [his] application for in forma pauperis was sent to the clerk of court").) The docket report belies Fennell's claim. Indeed, his prison account statement was filed in that case on November 6, 2015. Fennell's IFP application was still incomplete, however, because he did not use the proper IFP application form or submit a form authorizing withdraw of funds from his prison account. The District Court had twice provided the relevant forms to Fennell, but he failed to return them. Notably, Fennell does not allege that the defendants interfered with his ability to complete or return those forms. Thus, even construed liberally, Fennell's complaint did not plead sufficient facts to establish that the defendants interfered with his access to the courts.

For the foregoing reasons, we grant Fennell's motion to reopen and motion to proceed IFP, see note 1, *supra*, and will summarily affirm the District Court's judgment.