## FAILURE TO COMPLETE DELIVERY OF GIFT OF STOCK CERTIFICATES.

Court of Appeals for Lawrence County.

GEORGE W. MERCHANT AND CATHERINE M. MERCHANT v. THE GERMAN BUILDING & LOAN COMPANY ET AL.

Decided, March 25, 1913.

*Gifts—Certificates of Stock Endorsed and Placed in Possession of Brother as a Gift to Parents—Delivery Held to have been Incomplete.*

Dr. Merchant was the owner of a certificate of deposit, issued to him on December 29, 1910. Soon thereafter, in the donees' presence, he endorsed and delivered the certificate to his brother, declaring it was a gift to the donees to be delivered to them. This donor informed donees. The brother did not deliver the certificate to donees until after donor's death, on May 1, 1912. In the meantime the donor had received three semi-annual interest checks, which he endorsed and returned to the building and loan company, it affirmatively appeared he used the proceeds of the last check. *Held:*

1. From the facts stated, the brother is presumed to have been the agent of the donor and the donor retained dominion over the certificate.

2. There was no valid, completed delivery.

*A. J. Layne,* for plaintiff in error.
*E. E. Stewart* and *Jed B. Bibbee,* contra.

JONES (THOMAS A.), J.; WALTERS, J., and SAYRE, J., concur.

Error to the Court of Common Pleas of Lawrence County.

Dr. William M. Merchant had issued to him by the German Building & Loan Company a certificate of deposit dated December 29, 1910. Soon after its issue, he endorsed and delivered the same to his brother, George Hannan Merchant, with the statement that said delivery was to him as a gift of said certificate for his father and mother, the plaintiffs, and that he was placing it in the name and possession of his brother for the plaintiffs, said certificate or fund to be delivered to them. At the time of such endorsement and delivery to his brother the

donor informed the plaintiffs that he had placed said certificate with his brother as a gift for them, which was to be delivered to them by said George H. Merchant.

After he had received' said certificate the brother kept possession of the same until after the death of Dr. Merchant on May 1, 1912, and after said date he endorsed and delivered the same to plaintiffs.

The building and loan company had no knowledge of the assignment, but issued three semi-annual checks, as interest thereon, and mailed them to Dr. Merchant; said checks were returned to the building and loan company endorsed by Dr. Merchant, it affirmatively appearing from the agreed statement that the last of these checks issued April 1, 1912, amounting to $20.43, was received by him and the proceeds used by him.

The contest arises between the plaintiffs, who claim as donees, and the administrator of the estate of Dr. Merchant. The widow is also resisting the claim of the plaintiffs.

The trial court, on the pleadings and facts agreed upon, rendered judgment in favor of the administrator, and the plaintiffs are prosecuting error.

The only question to be determined is: Was there a valid gift of the certificate of deposit or of the fund by Dr. Merchant to the plaintiffs? The facts agreed upon do not contain the required essentials to make it a gift *donatio causa mortis;* and, if sustained at all, it must be sustained as a gift *inter vivos.* Nor can it be doubted that, whatever may have been the rule of early decisions, a certificate of deposit may now be the subject of gift with or without endorsement; but the same principles apply thereto as in the gift of ordinary chattels.

Was it a valid gift *inter vivos?* Some of the requirements necessary for its establishment have been fully proved. The capacity of the donor to make it, his intention to confer it upon the donees, are beyond dispute; and if there was a valid delivery, its acceptance would be presumed on the part of the donees, because of the undenied benefit accruing to them. It remains only to be determined whether there was sufficient proof of delivery of the certificate. There is no trouble as to the general rule applying to the requirements necessary to prove a gift of

chattels *inter vivos*. The rule is plain, but its application, in some cases, difficult. Text books are confusing, not in the statement of essentials, but in the attempted application of various jurisdictions as they grope in the twilight zone of fact constituting completed delivery.

Neither do the ordinary principles of trusteeship arise from the facts developed, except the incidental trust relationship that would arise in the event that the depositary should be found to be the agent of the donees. If the depositary was the agent of the donor, or if the donor had the power of revocation before delivery, it is elementary that no completed gift was made. So if the gift is not to be delivered *in praesenti*. *Smith, Admr.*, v. *Ferguson*, 90 Ind., 229.

It appears that the certificate was endorsed and handed to the depositary to be delivered to the donees as a gift, and they were advised of the fact at the time. If the delivery had been made in the donor's lifetime there would be no question of its completion, but it was not endorsed and manually delivered to the donees until after his death. If it were revocable during his lifetime, his death would revoke it.

If the transaction is directly between the donor and the donee, and the chattel capable of manual delivery, such delivery is necessary; otherwise, where the subject is not capable of manual delivery, then proof of constructive or symbolical delivery is required. The same character of delivery should be required when it is made through the intermediary of a third person. In gifts *inter vivos* if the donor delivers a chattel capable of manual delivery to a depositary with instructions to give it to the donee, although he has avowed his intention to the donee, until the subject is actually delivered to the donee, by the depositary, a *locus penetentiae* attaches to the proposed gift, wherein it may be revoked by the donor or by his death. In such cases the depositary is the agent of the donor, designated by the donor for the purpose of delivery only. Since the only authority of his agency is to deliver the chattel, until the authority is executed by delivery he who created the agency can also make it. In discussing the essentials of a gift *inter vivos* the Supreme Court of Massachusetts says:

"When one not in apprehension of death delivers a thing to another, to be given to a third, when the depositary shall see him, whether the donor live or die, the authority of the depositary to deliver the thing will be revoked by the death of the donor, unless it be previously delivered to the donee and accepted by him." Syllabus in *Sessions* v. *Mosely*, 4 Cush., 87; *Dickeschied* v. *Bank*, 28 W. Va., 340.

This, then, is plainly the rule unless it is shown that, by the declaration of gift and by the conduct of the donor, the depositary was the agent or trustee of the donees. The latter claim the certificate in question by an effort to convert the depositary into an agent or trustee for themselves. As has been said, there was no express trust imposed upon George Hannan Merchant in favor of the donees; nor does there appear from the agreed statement an agency relation between him and the donees by the creation of the latter. There is no proof that Dr. Merchant constituted his brother the agent of the donees, and in the absence of such proof he must be presumed to have acted as the agent of the donor. *Clapper* v. *Fredrick* (Pa.), 49 Atl., 219, and authorities there cited.

If any such agency appears here, it must be shown from the language and conduct of the donor alone.

The language used does not bear such constructions, and is not as strong in that regard as that used by the donor in *Worthington* v. *Redkey*, 86 O. S., 128. And whether it be claimed that the depositary was agent or trustee, the same quantum of proof would be necessary. In order to establish either agency or trusteeship the burden of proof is upon the plaintiff donees; and, for obvious reasons, the law required proof that is clear and convincing, not merely a bare preponderance. This rule of evidence is not only sustained by the weight of authority elsewhere (20 Cyc., p. 1223) but emphasized in the following Ohio cases: *Gano* v. *Fisk*, 43 O. S., 473; *Flanders* v. *Blandy*, 45 O. S., 113; *Worthington* v. *Redkey*, 86 O. S., 136.

Nor is the rule of proof relaxed except in some cases where a close relationship exists between donor and donee, or where unequivocal possession of the gift is shown in the donee.

The certificate was handed to George H. Merchant as a gift for the donor's father and mother, "to be delivered to them."

Neither by language or conduct of the donor does it appear that an immediate delivery was to be made. Such delivery before revocation is an absolute essential. At the time of the endorsement and delivery to the depositary the donees were present, yet the certificate was not handed to them; it remained in the hands of the brother for a period of about fifteen months without demand therefor by the donees, so far as appears from the record. During this time the donor received the three semi-annual interest check payments, which checks were returned to the company with the donor's endorsement thereon, it appearing affirmatively that the proceeds of the last check were used by him. The time of delivery is uncertain. If it were the intention of the donor to retain dominion over the gift until his death, at which time it was to be delivered to the donees, it would not only be void as an uncompleted gift, but void as an attempt to make a testamentary disposition thereof.

That the donor endorsed the certificate to the depositary does not aid the requirement of a completed delivery. The donor could recall the endorsement as well as the agency before delivery.

"The endorsement of the donor's name on the instrument is merely evidence of his intention to make a gift, which may be proven aside from such endorsement." *Polley* v. *Hicks,* 58 O. S., 223.

While a number of authorities have been cited by counsel on both sides in this case, the great weight of authority supports the principles foregoing in this opinion, and their seeming variance is in the application of facts to the general rules. In this case we find that there was no completed delivery of the certificate or the fund to the plaintiff donees.

The judgment of the common pleas court is affirmed and cause remanded for further proceedings.