TOWN OF STRATFORD

v.

CITY OF BRIDGEPORT.

Civ. No. B–76–367.

United States District Court,
D. Connecticut.

Feb. 9, 1977.

---

J. Roger Shull, Stratford, Conn., for plaintiff.

Samuel C. Derman, Bridgeport, Conn., for defendant.

## RULING ON MOTION TO REMAND

NEWMAN, District Judge.

This motion to remand requires consideration of a rarely used removal statute, 28 U.S.C. § 1442(a)(2), which has received virtually no interpretation though in effect in different forms since 1833. The Town of Stratford brought this action against the City of Bridgeport in the Court of Common Pleas, Fairfield County, to determine the compensation to be paid by Stratford to Bridgeport for the taking of sewer easements through Sikorsky Memorial Airport land. Bridgeport removed the action to this Court under 28 U.S.C. § 1442(a)(2), which reads:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(2) A property holder whose title is derived from any [United States] officer, where such action or prosecution affects the validity of any law of the United States.

Bridgeport claims that its title to the land in question derives from the United States and that the suit affects the validity of a federal law. It appends a copy of its deed, the grantor of which was the United States of America and the Reconstruction Finance Corporation. The deed provides for the reservation by the United States of certain interests in the land, including the right to all materials essential to the production of fissionable material, the right to the use of the airport in times of national emergency, and a reversionary interest at the option of the grantor in the event any of the covenants in the deed is breached. The laws of the United States it cites are the statutory obligation of the Administrator of the Federal Aviation Administration pursuant to § 1402(c) of the Federal Aviation Act of 1958, 50 App.U.S.C. § 1622b, to enforce compliance with the conditions of the deed; the obligations undertaken by Bridgeport when it received federal aid for airport development under both the Federal Airport Act of 1946, 49 U.S.C. § 1101 et seq., and the Airport and Airway Development Act of 1970, 49 U.S.C. § 1701; and the pervasive federal regulation of air commerce preempting state and local regulation.

The fact that the United States has retained certain residual rights in the Bridgeport land does not of itself provide a basis for federal removal jurisdiction in a suit between two parties other than the United States. No attempt has been made to implead the United States or any officer or agency thereof. Nor does 28 U.S.C. § 1441(b) provide a basis for removal jurisdiction, since Stratford's claim relies on a state statute only. See *Algonquin Gas Transmission Co. v. Gregory*, 105 F.Supp. 64 (D.Conn.1952), in which the Court held that a complaint that stated a cause of action under the Connecticut condemnation statute was not removable merely because of the existence of a federal condemnation statute, even though the federal court would have had original jurisdiction under the federal statute.

[T]he complaint as an assertion of a right of condemnation is adequate under the State statute: the right of condemnation granted by the Federal Act is not essential to the maintenance of action. It is only when a federal right is an essential element of the action that the right, for purposes of the Removal Act, is deemed to be one *arising from* federal law.

105 F.Supp. at 66.

Thus if there is any right to removal it must be found in § 1442(a)(2). The antecedent of § 1442(a)(2), passed on March 2, 1833, as "An act further to provide for the collection of duties on imports," ch. 57, § 3, 4 Stat. 633, provided for federal removal jurisdiction

in any case where suit or prosecution shall be commenced in a court of any state against any officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under colour thereof, or for or on account of any right, authority, or title, set up or claimed by such officer, or other person, under any such law of the United States . . .

A provision somewhat closer to the present language of § 1442(a)(2), enacted on July 13, 1866, ch. 184, § 67, 14 Stat. 171, as part of a revenue law, provided for removal jurisdiction in any case commenced in a state court against any revenue officer of the United States "or against any person holding property or estate by title derived from any such officer, concerning such property or estate, and affecting the validity of this [revenue] act or acts of which it is amendatory." The Revised Statutes carried over this language almost identically, providing for removal when suit is commenced "against any person holding property or estate by title derived from any such [revenue officer], and affects the validity of any such revenue law." R.S. § 643. The language of the Revised Statutes was carried forward without change by the Act of March 3, 1911, ch. 231, § 297, 36 Stat. 1168, and through the 1946 edition of the United States Code, 28 U.S.C. § 76 (1946). In 1948, with the comprehensive revision of Title 28, the limitation of what is now § 1442(a)(2) to revenue officers and their successors and to revenue laws was dropped. The Reviser's Note gives no explanation for the change.[1] See *Report from the Committee on the Judiciary, House of Representatives, to accompany H.R. 3214, A Bill to Revise, Codify, and Enact into Law Title 28 of the United States Code, entitled "Judicial Code and Judiciary,"* H.R.Rep. No. 308, 80th Cong., 1st Sess. A134 (1947).

The apparent purpose of the predecessors of § 1442(a)(2) was to insure a federal forum to persons who took title to property from a revenue officer and faced a challenge to their title from others, such as taxpayers, who claimed that the law under which the revenue officer had seized their property was invalid. Although the 1948 revision broadened the scope of the provi-

---

1. It is possible that § 1442(a)(2) was broadened to a greater extent than was intended. The predecessor statute, § 76 of Title 28 (1946 edition), in its initial clauses, authorized removal of suits against two different groups of people. The first group included revenue officers and those acting under their authority. This group could remove in two circumstances: (a) when sued on account of any act done under color of office, or (b) on account of any right, title, or authority claimed, by a revenue officer or person under his authority, under a revenue law. The second group included any person holding property by title derived from a revenue officer. This group could remove when the suit affected the validity of a revenue law.

In the 1948 revision, in what became § 1442(a)(1), the first group was broadened to include any officer of the United States and those acting under his authority. As to this group, the first circumstance warranting removal remained as before—namely, when sued for any act under color of office, though of course the office was now expanded to any United States office. The second circumstance warranting removal by this group was expanded only slightly—namely, when sued "on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collec-

tion of the revenue." In what became § 1442(a)(2) the second group of persons entitled to remove was broadened to include any person holding title derived from any United States officer. Moreover, the circumstance when this group could remove was broadened to be whenever the suit affected the validity of "any law of the United States."

Thus, while United States officers and those acting under them can remove when sued for any act under color of office, their right to removal when sued on account of any title claimed under federal law is limited by § 1442(a)(1) to instances where the federal law concerns criminals or revenue. However, § 1442(a)(2) permits removal by a property holder whose title is derived from any United States officer when the action affects the validity of any United States law. Whether the reviser intended thus to extend the removal rights of property holders deriving title from the United States beyond the scope of revenue laws (or criminal laws), an extension that appears to go beyond even the revision of § 1442(a)(1), remains among the mysteries of the 1948 revision. Whatever the reviser's intent, it was not expressed in the Reviser's Note, nor otherwise shared with the Congress that enacted the revision.

715

sion by deleting the word, "revenue," it carried forward the requirement that there be a challenge to the validity of a law of the United States. The failure to meet this requirement is fatal to the present case.

 Stratford's action does not purport to affect the validity of any federal law. While Bridgeport may have federal law matters that it wishes to raise as a defense to Stratford's action, such defensive matters do not supply removal jurisdiction under § 1442(a)(2), just as they would not supply federal question jurisdiction under § 1331. None of the provisions of federal law cited in support of Bridgeport's removal petition meets the § 1442 standard, since Stratford's suit does not attack the validity of any of them. *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 96 (10th Cir. 1970). Whether an action can affect the validity of a federal law within the meaning of § 1442(a)(2) if an attack upon federal law arises in the course of litigation, even though not contained in the complaint as filed, need not be considered, since under any test the present litigation presents no such attack.

Accordingly, the motion to remand is granted.