13-1572-cv
Veneruso v. Mount Vernon Neighborhood  Health Center

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
               GERARD E. LYNCH,
               CHRISTOPHER F. DRONEY,
                       *Circuit Judges.*

_____

JAMES J. VENERUSO, as Temporary Receiver for Community Choice Health Plan of Westchester, Inc.,

                  *Plaintiff -*
                  *Counter-Defendant -*
                  *Appellee*,

        v.                                    No.    13-1572-cv

MOUNT VERNON NEIGHBORHOOD HEALTH CENTER,

                  *Defendant -*
                  *Counter-Claimant,*
                  *Appellant.*

_____

FOR APPELLANT:                 James L. Feldesman, Feldesman Tucker Leifer Fidell LLP, Washington, DC (Matthew S. Freedus, Feldesman Tucker Leifer Fidell LLP, Washington, DC, David A. Koenigsberg, Menz

Bonner Komar & Koenigsberg, New York, New York, *on the brief*).

FOR APPELLEE:                                                                    Michael G. Berger (Adam W. Waite, *of counsel*) Law Offices of Michael G. Berger, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Mount Vernon Neighborhood Health Center ("Mount Vernon") appeals from the opinion and order of the district court for the Southern District of New York (Karas, J.) dated March 22, 2013, remanding this action to state court for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Mount Vernon, a New York not-for-profit corporation, entered into a Joint Venture Agreement with a nonparty medical center to establish and operate Community Choice Health Plan of Westchester ("CCHP"). CCHP was a New York not-for-profit corporation that provided comprehensive health services on a pre-paid basis to an enrolled population made up primarily of Medicaid recipients. Mount Vernon is also a federal grant recipient under the Public Health Service Act ("Section 330 grantee"). 42 U.S.C. § 254b. The Act provides grants to health centers that meet certain requirements, including a requirement that the center provide specified health services to a medically underserved population. 42 U.S.C. § 254b(a)(1). Around 1997, CCHP entered a

2

Medicaid managed care contract with New York that was approved by the federal government pursuant to 42 U.S.C. § 1396b(m)(2)(G) in connection with the federal Medicaid program, which provides federal financial assistance to States participating in the program. See generally Three Lower Counties Cmty. Health Servs., Inc. v. Maryland, 498 F.3d 294, 297-300 (4th Cir. 2007) (describing the federal Medicaid program and its interaction with the Public Health Services Act). A condition of the contract's approval was that CCHP be primarily owned by Section 330 grantees, like Mount Vernon. J. Appx. 99.

CCHP operated a pre-paid comprehensive health services plan until December 2007, when the New York State Department of Health directed it to terminate operations and commence dissolution proceedings. In the dissolution proceeding, the Attorney General of the State of New York took the position that certain payments made by CCHP to Mount Vernon between 2003 and 2005 totaling $987,000 (the "Surplus Distributions") violated section 515(a) of the New York Not-for-Profit Corporation Law. That provision prohibits a not-for-profit corporation from "pay[ing] dividends or distribut[ing] any part of its income or profit to its members, directors, or officers." N.Y. Not-For-Profit Corp. L. § 515(a).

On September 14, 2009, after Mount Vernon declined to return the Surplus Distributions to CCHP, Appellee James Veneruso, the temporary receiver for CCHP, appointed in connection with the dissolution proceeding (the "Receiver"), initiated an action in New York Supreme Court, asserting three causes of action: (1) declaratory

3

judgment that the Surplus Distributions were unlawful; (2) unjust enrichment; and (3) money had and received. Mount Vernon removed the action to the United States District Court for the Southern District of New York, invoking a number of grounds for removal, including 28 U.S.C. § 1442. On March 22, 2014, the district court granted the Receiver's motion to remand the action to state court for lack of subject matter jurisdiction.

On appeal, Mount Vernon contends that removal was proper under either 28 U.S.C. § 1442(a)(1), because it acted under a federal officer in receiving the Surplus Distributions, or 28 U.S.C. § 1442(a)(2), because it derived title to the funds from a federal officer. For reasons described below, we conclude that neither section justifies removal of this action and we affirm the decision of the district court.

I.    Appellate Jurisdiction

"The authority of appellate courts to review district-court orders remanding removed cases to state court is substantially limited by statute." Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229 (2007); see 28 U.S.C. § 1447(d).[1] Ordinarily, the courts of appeals lack jurisdiction to review a district court's decision to remand a case for lack of subject matter jurisdiction. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976).

The plain language of § 1447(d), however, exempts from this general rule appeals in cases removed pursuant to § 1442. The Receiver argues that, notwithstanding that

---

[1]That statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 . . . of this title shall be reviewable by appeal or otherwise."

4

Mount Vernon sought to remove this case pursuant to § 1442, the Court lacks jurisdiction to review the district court's remand order because appellate review is available only where there is a colorable or non-frivolous basis for removal under that statute. While we agree that a removing defendant cannot create appellate jurisdiction through mere citation to § 1442, and while we conclude that this case was not properly removed pursuant to that section, we do not believe this case presents the kind of bare or frivolous invocation that would require us to dismiss the appeal for lack of appellate jurisdiction. Accordingly, we proceed to consider whether this action was properly removed pursuant to § 1442. See Shapiro v. Logistec USA, Inc., 412 F.3d 307, 314-15 (2d Cir. 2005) ("[W]e review the district court's remand order by direct appeal because our ability to entertain the appeal is not barred here by section 1447(d).").

II.     Removal Under 28 U.S.C. § 1442(a)(1)

The removing defendant bears the burden of demonstrating that removal of the action is proper. United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Pursuant to § 1442(a)(1), a defendant in a civil action filed in state court may remove the action to federal court if the defendant is "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof," and the action against the defendant is "for or relat[es] to any act under color of such office." 28 U.S.C. § 1442(a)(1); see also Watson v. Philip Morris Co., 551 U.S. 142, 145 (2007); Issacson v. Dow Chem. Co., 517 F.3d 129, 135 (2d Cir. 2008).

5

When the removing defendant is not the United States, an agency of the United States, or a federal officer – and Mount Vernon concedes it is none of these things[2] – it must satisfy a three-pronged test to properly effect removal under § 1442(a)(1):

> First, it must show that it is a "person" within the meaning of the statute. Second, it must establish that it was "acting under" a federal officer, which subsumes the existence of a "causal connection" between the charged conduct and asserted official authority. Finally, the defendant must raise a colorable federal defense.

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) ("In re MTBE Prods. Liab. Litig.") (internal quotation marks and citation omitted); see also Issacson, 517 F.3d at 135. "Critical under the statute is to what extent defendants acted under federal direction at the time they were engaged in conduct now being sued upon." In re MTBE Prods. Liab. Litig., 488 F.3d at 124-25 (internal quotation marks omitted). Although the words "acting under" are to be liberally construed, they are not limitless. Watson, 551 U.S. at 147. In order to establish that it is "acting under" a federal officer, the private party must do more than show that it complies with highly detailed federal regulations, or functions under the extensive supervision or monitoring of the federal government. "A private firm's compliance (or noncompliance) with federal laws,

---

[2] In the district court, Mount Vernon argued that it was an agency of the United States, see Veneruso v. Mount Vernon Neighborhood Health Ctr., 933 F. Supp. 2d 613, 631 (S.D.N.Y. 2013), but it does not press this argument on appeal. Accordingly, we need not address it. See Schaefer v. Town of Victor, 457 F.3d 188, 208 n.24 (2d Cir. 2006) ("[A]n argument not raised on appeal is deemed abandoned and lost, and . . . a court of appeals will not consider the argument unless it has reason to believe that manifest injustice would result otherwise." (internal quotation marks omitted)).

rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Id. at 153. Rather, it must demonstrate that the assistance it provides to a federal officer "goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks." Id.

In the instant case, Mount Vernon has failed to demonstrate that it was acting under the direction of a federal officer when it received Surplus Distributions from CCHP. To be sure, as a federal grant recipient, Mount Vernon is subject to a host of federal requirements and regulations pertaining to the health services it provides, and the manner in which it expends its funds. Relying on this body of federal regulation, Mount Vernon insists that "it was acting under the authority and auspices of [the Department of Health and Human Services] and consistently with a comprehensive statutory scheme intertwining the Medicaid and Section 330 programs" when it received Surplus Distributions from CCHP. Appellant's Br. at 16. It is well established, however, that "[r]emoval will not be proper where a private party establishes only that the acts complained of were performed under the 'general auspices' of a federal officer." In re MTBE Prods. Liab. Litig., 488 F.3d at 125. Moreover, Mount Vernon does not and cannot contend that any of the many federal regulations to which it is subject directed it to receive (or to cause CCHP to make) the Surplus Distributions that form the basis for the Receiver's suit.

7

As a result, it is plain that the requisite "causal connection" between the acts for which Mount Vernon is being sued and the asserted federal authority is lacking. Compare Issacson, 517 F.3d at 137 (finding that non-governmental corporate defendants demonstrated that "the acts for which they are being sued – here, the production of dioxin in Agent Orange – occurred because of what they were asked to do by the Government"), with In re MTBE Prods. Liab. Litig., 488 F.3d at 126-30 (concluding that defendants were not acting under direction of federal officer when they blended MTBE into their gasoline because the Clean Air Act and its regulations did not require the use of MTBE, and the mere fact that the EPA "may have expected that the defendants would use MTBE" was insufficient). Because Mount Vernon has failed to demonstrate that it acted under a federal officer in receiving the Surplus Distributions, it was not entitled to remove the Receiver's action pursuant to § 1442(a)(1).

III.    Removal Under 28 U.S.C. § 1442(a)(2)

Under the seldom-invoked federal-title-dispute removal provision, a property holder whose title is derived from any federal officer is permitted to remove a state court action brought against it to federal court where such action affects the validity of any law of the United States. 28 U.S.C. § 1442(a)(2). Mount Vernon contends that removal is proper under § 1442(a)(2) because it obtained the Surplus Distributions as an indirect result of the decision of the Regional Administrator for the Centers for Medicare & Medicaid Services to approve CCHP's Medicaid managed care contract pursuant to § 1396b(m)(2)(G).

8

We need not decide whether Mount Vernon derived title to the Surplus Distributions from a federal officer because even if it did, the Receiver's suit plainly does not challenge the validity of any federal law. Instead, the Receiver merely contends that the various federal statutes and regulations Mount Vernon has identified do not provide a defense to the Receiver's claims that the Surplus Distributions violated New York law. See Town of Stratford v. City of Bridgeport, 434 F. Supp. 712, 715 (D. Conn. 1977) (holding that defendant could not remove under § 1442(a)(2) where plaintiff's suit did "not attack the validity of any [federal law]"). In sum, Mount Vernon has also failed to demonstrate that removal of this action is appropriate under § 1442(a)(2).

Accordingly, the order of the district court remanding this action to state court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court