**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3269
_____

JORDAN ATKINSON,
                              Appellant

v.


MIDDLESEX COUNTY; MIDDLESEX COUNTY BOARD OF FREEHOLDERS;
MIDDLESEX COUNTY ADULT CORRECTION CENTER; EDWARD CICCHI;
CHRISTOPHER RAFANO; DALINA; JOHN PULOMENA; JOHN POLOUS;
BLANQUITA VALENTI; FERNICOLA; RONALD ROJAS; DAVID
CRABIEL,DECEASED; BARRETT; SERGEANT FRANK REDDING;
ROBERT M. AXELROD; OFFICER JESSE SCHWARTZ
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil Action No. 3-09-cv-04863)
District Judge: Hon. Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2015
_____

Before: AMBRO, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>.

(Opinion Filed: April 21, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Jordan Atkinson moved to reopen and amend his complaint against Middlesex County Adult Correction Center, its warden, and multiple corrections officers (collectively, "Defendants"), nearly two years after the District Court dismissed the case for failure to state a claim. The District Court, concluding that its dismissal constituted a final order, declined to reopen Atkinson's case to permit amendment and denied both the motion to reopen and a subsequent motion for reconsideration. We will affirm.

I

Atkinson alleges that his cellmate at Middlesex County Adult Correction Center sexually assaulted him on or around September 21, 2007, and that Defendants "mistreated" him afterwards and interfered with his ability to pursue a legal claim related to his mistreatment. App. 42-45. On September 21, 2009, Atkinson, through his counsel, Gerald Gordon, filed a complaint under 42 U.S.C. § 1983 seeking unspecified damages for "violation[s] of his civil rights" and "pain, suffering[, and] humiliation," App. 46, and subsequently filed an amended complaint (the "First Amended Complaint") asserting constitutional and state law claims related to the sexual assault and his mistreatment thereafter.

Defendants moved to dismiss the First Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On May 31, 2011, the District Court held that "all of the counts are grossly insufficient as pled" and ordered that Atkinson's "claims against all [D]efendants [be] dismissed without prejudice" (the "Dismissal Order"). App. 18-19.

2

By this time, Atkinson had filed two grievances against Gordon, alleging that Gordon failed to keep him informed of the progress of his case. Contrary to this assertion, two weeks after the entry of the Dismissal Order, Gordon advised Atkinson that he had sixty days to file whatever would be necessary to further amend the First Amended Complaint to avoid permanent dismissal, but that Gordon could not continue to represent him because of the grievances. Gordon also advised him to find another attorney "without delay" and to have the new attorney contact Gordon "immediately." App. 54.

In a letter dated July 8, 2011, Atkinson personally requested that the District Court "place a freeze" on his case and implored it to "step in and assist [him]." App. 48. He stated that he and Gordon had "had a filling [sic] out" and that he had not "been told a single thing about [the] case." Id. He stated further that he "attempted to obtain replacement counsel[,] but no one will touch the case."[1] App. 49.

Atkinson eventually obtained new counsel, who attempted to file a "verified amended complaint" on April 15, 2013 (the "Verified Amended Complaint"). App. 33. Therein, he asserted a single cause of action under § 1983, claiming that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights by failing to reassign him to another cell before the sexual assault and for harassing him thereafter. Informed by the District Court clerk that his case was closed, Atkinson filed a motion to reopen the

---

[1] The District Court later characterized Atkinson's request for assistance in his letter as "improper[,] since there was no pending complaint or case." App. 7.

3

case and for leave to file a verified amended complaint, citing Fed. R. Civ. P. 15 (the "Motion").

The District Court denied the Motion and Atkinson's subsequent motion for reconsideration, concluding that: (1) the Dismissal Order constitutes a final order and hence Rule 60(b) rather than Rule 15 governs the Motion; and (2) Atkinson failed to demonstrate extraordinary circumstances warranting reopening under Rule 60(b)(6). Atkinson appeals.

## II[2]

### A

Atkinson appeals the order denying his motion to reconsider the order that denied his motion to reopen and for leave to file an amended complaint.[3] We must therefore determine whether the order that terminated the case was a final order, as this will dictate whether a motion to reopen or to vacate the Dismissal Order was needed before the District Court could grant Atkinson leave to file the Verified Amended Complaint.

The Dismissal Order dismissed the First Amended Complaint "without prejudice." App. 19. While "an order dismissing a complaint without prejudice is not a final order as

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

[3] With respect to the order denying the motion to reopen, we review the denial for abuse of discretion, though the District Court's decision to "treat [Atkinson's] motion as a Rule 60(b) motion . . . is purely a question of law, which we review de novo." Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 124 (3d Cir. 2004). Likewise, "[w]e generally review a district court's denial of reconsideration for abuse of discretion," but when "a district court predicates its denial of reconsideration on an issue of law, our review is plenary, and when it bases its denial on an issue of fact, we review for clear error." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

long as the plaintiff may cure the deficiency and refile the complaint," Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002), "[t]his principle . . . does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice," unless the District Court grants "leave to amend within a time certain," which did not happen here. Brennan v. Kulick, 407 F.3d 603, 606-07 (3d Cir. 2005).[4] After the statute of limitations has run, an unconditional dismissal without prejudice is considered final. Id. at 606. Thus, we must determine if the statute of limitations on Atkinson's claims had expired as of May 31, 2011, the date of the Dismissal Order.

Atkinson's claims were all based on § 1983 and state-law torts, all of which have two-year statutes of limitations. See, e.g., Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) ("A [§] 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims," which in New Jersey is two years); see also N.J. Stat. Ann. § 2A:14-2. The statute of limitations begins to run "when the wrongful act or omission results in damages." Dique, 603 F.3d at 185-86 (internal quotation marks omitted). Thus, the statute of limitations for the September 2007 sexual assault and the failure to reassign Atkinson prior thereto expired no later than September 2009, and the statute of limitations for Defendants' subsequent conduct that allegedly continued into 2008 expired at some point in 2010. Thus, the two-year statute of limitations had run by the time the District Court dismissed

---

[4] This is because "[a] statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the . . . complaint is treated as if it never existed." Brennan, 407 F.3d at 606 (internal quotation marks omitted). Thus, "the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal." Id.

the First Amended Complaint on May 31, 2011.[5]  As a result, the Dismissal Order, though "without prejudice," was final.  See Brennan, 407 F.3d at 606.  The District Court properly so concluded and, accordingly, did not err in reviewing the Motion under Rule 60(b).  See Ahmed, 297 F.3d at 207-08.[6]

B

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ."  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening."  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted).  To demonstrate

---

[5] Atkinson urges us to conclude that Gordon abandoned him and this equitably tolled the statute of limitations.  "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances," including attorney misbehavior.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999).  While the record reflects a breakdown in the attorney-client relationship, Atkinson does not allege that Gordon misled him.  Cf. id. at 241 (concluding that attorney misbehavior was sufficient to preclude summary judgment on plaintiff's equitable tolling claim, where attorney "affirmatively lied to his client" by assuring her that he had filed her complaint when he had not).  Thus, Gordon's conduct in this case does not constitute a circumstance that warrants the "sparingly" used and "extraordinary" remedy of equitable tolling.  Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009).

[6] Atkinson argues that the Verified Amended Complaint relates back to the original pleading under Rule 15(c) and thus is not barred by the statute of limitations. This ignores the fact that a final order dismissing his case had been entered, and that Rule 60(b) and not Rule 15 applied. "Although Rule 15 vests the District Court with considerable discretion to permit amendment . . . , the liberality of the rule is no longer applicable once [final] judgment has been entered."  Ahmed, 297 F.3d at 207-08.  At that stage, "the filing of an amendment under Rule 15 cannot be allowed until the judgment is set aside or vacated under . . . Rule 60[(b)]."  Id. at 208 (internal quotation marks and brackets omitted).

6

extraordinary circumstances, Atkinson must show that without relief from the Dismissal Order, "extreme and unexpected hardship will result." Id. at 255 (internal quotation marks omitted). While this requirement is sometimes satisfied when the challenged judgment precluded adjudication on the merits, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Id. Atkinson cites attorney abandonment, the confusing nature of the Dismissal Order, his education level and prisoner status, and his diligent efforts to obtain counsel as presenting extraordinary circumstances.

Atkinson filed two grievances against his counsel—one of which he later apologized for—that led Gordon to decline to continue to represent him after the dismissal of the First Amended Complaint. Furthermore, contrary to Atkinson's assertion, Gordon did not abandon him. He filed two complaints and responded to Defendants' motion to dismiss. In addition, even after the case was dismissed, Gordon ensured Atkinson was informed of the status of the case and his decision to stop representing Atkinson due to the grievances, and he instructed Atkinson to find a new attorney "without delay" and to have that attorney contact him "immediately," because Atkinson needed to quickly respond to the dismissal of the First Amended Complaint. App. 54. Thus, the record discloses no "egregious" attorney conduct that warrants reopening Atkinson's case. Cf. Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977-79 (3d Cir. 1978) (concluding that attorney's failure to oppose a motion for summary judgment constituted an extraordinary circumstance warranting reopening

7

under Rule 60(b)(6), where attorney failed to file responsive pleadings in fifty-two other cases).

Atkinson's other arguments also fail to satisfy Rule 60(b)(6)'s "extraordinary circumstances" requirement. While the Dismissal Order did not say the case was "terminated," the docket did, App. 33, and Gordon's letter suggested as much. Furthermore, the law regarding the finality of an order dismissing a complaint after the statute of limitations period is well-settled. In any event, Atkinson cites no authority for the proposition that confusion about the finality of an order or his alleged personal challenges and efforts to obtain new counsel constitute extraordinary circumstances. Finally, these circumstances do not outweigh the interest in preserving the finality of a nearly two-year old judgment. See Gonzalez, 545 U.S. at 535. Thus, the District Court did not abuse its discretion in denying the Motion under Rule 60(b)(6).

III

For the foregoing reasons, we will affirm the orders of the District Court denying the Motion and the motion for reconsideration.

8