**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1715
_____

MHA LLC, D/B/A Meadowlands Hospital Medical Center,
Appellant

v.

HEALTHFIRST, INC.;
HEALTHFIRST HEALTH PLAN OF NEW JERSEY, INC.;
SENIOR HEALTH PARTNERS, INC.;
MANAGED HEALTH, INC.;
HF MANAGEMENT SERVICES, LLC;
HEALTHFIRST PHSP, INC.;
ABC COMPANIES 1-100;
JOHN DOES 1-100
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2-13-cv-06036)
District Judge: Hon. Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 9, 2015
_____

Before: CHAGARES, SHWARTZ, and RENDELL, Circuit Judges.

(Filed:  November 17, 2015)

_____

OPINION[*]

_____

SHWARTZ, Circuit Judge.

MHA, the owner of Meadowlands Hospital Medical Center, appeals the dismissal

with prejudice of its suit against HealthFirst, Inc. and other related companies for

reimbursement for medical services provided to HealthFirst's Medicare and Medicaid

enrollees. Because the federal courts lack subject matter jurisdiction, we will vacate the

District Court's dismissal order and remand with instructions to remand the case to state

court.

I

HealthFirst is the parent company of HealthFirst Health Plan of New Jersey, Inc.,

a privately owned insurance company that offers health insurance plans under Medicare

Part C. It is also a licensed Medicaid health management organization and managed care

organization. Between 2010 and 2013, Meadowlands Hospital billed HealthFirst for

medical care provided to HealthFirst's Medicare and Medicaid enrollees. Because MHA

did not have a contract with HealthFirst specifying agreed-upon rates, Medicare and

Medicaid law governed both whether reimbursement was available for the care provided

and the reimbursement rate. MHA asserts that because it was an out-of-network

provider, HealthFirst delayed and/or denied reimbursements to pressure MHA into

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

signing a contract with HealthFirst to become an in-network provider. To this end, MHA claims that HealthFirst improperly asserted that certain services were not authorized or did not qualify as emergency care, wrongly denied claims as untimely, and/or ignored or refused to process them. In total, MHA was reimbursed for only $2.5 million out of the $28.9 million it claims that it was owed.

MHA filed a complaint in state court alleging that HealthFirst violated New Jersey regulations governing reimbursements to out-of-network providers under Medicaid. MHA also brought claims for unjust enrichment and "quantum meruit—implied contract."[1] App. 51-53. HealthFirst removed the suit to federal court and MHA moved for remand, but withdrew that motion before it was decided.

HealthFirst moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and MHA cross-moved for leave to file an amended complaint. The District Court dismissed MHA's Medicaid-based claims because it failed to exhaust administrative remedies before bringing suit and MHA's Medicare-based claims because they were preempted by federal Medicare law. The District Court denied MHA's motion to amend the complaint as futile. MHA appeals.

---

[1] MHA voluntarily dismissed its claims for fraudulent and negligent misrepresentation, equitable and promissory estoppel, and breach of fair dealing through unfair claims settlement practices.

II[2]

Federal courts are courts of limited jurisdiction, and a case can only be removed to a federal district court if the case could have originally been filed there.[3]  28 U.S.C. § 1441(a).  This requires a showing that the federal court has subject matter jurisdiction.

Where, as here, no diversity jurisdiction is alleged, jurisdiction ordinarily rests on the presence of a federal cause of action on the face of the complaint.  See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).  When a complaint alleges only state law claims, federal jurisdiction may also exist where federal law completely preempts a state law claim or where a state law claim raises a substantial embedded federal issue that can be addressed by the federal courts without disturbing congressional intent.[4]  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005) (narrow exception for certain embedded federal issues); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) (jurisdiction based on complete preemption).

HealthFirst asserts three possible grounds for subject matter jurisdiction: (1) that HealthFirst is entitled to "federal officer removal" under 28 U.S.C. § 1442(a)(1); (2) that

---

[2] The District Court asserted jurisdiction pursuant to 28 U.S.C. § 1331, but the propriety of this is disputed.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We conduct plenary review of subject matter jurisdiction.  Nat'l Union Fire Ins. Co. v. City Sav., F.S.B., 28 F.3d 376, 383 (3d Cir. 1994).

[3] "The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court.  Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."  Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (internal citations omitted).

[4] Neither party asserts that complete preemption creates jurisdiction here.

MHA asserts a federal cause of action under 42 U.S.C. § 1983; and (3) that MHA's

Medicare-based state law claims "arise under" federal law based on the framework set

forth in Grable.

We will not entertain HealthFirst's assertion of federal officer removal, as this was

not a basis for removal claimed in the notice of removal. While it may be permissible to

add further detail to jurisdictional allegations, a defendant may not rely on an entirely

new basis for jurisdiction not set forth in the removal petition. See USX Corp. v.

Adriatic Ins. Co., 345 F.3d 190, 203-05 (3d Cir. 2003) (determining that jurisdiction was

proper because amendment to notice of removal "did not add new jurisdictional facts . . .

[or] rely on a basis of jurisdiction different from that originally alleged"); see also In re

Blackwater Sec. Consulting, LLC, 460 F.3d 576, 590 n.8 (4th Cir. 2006) (defense

contractor could not assert federal officer removal on appeal because it had "failed to

raise this issue before the district court").

Jurisdiction also cannot be asserted here on the basis of 42 U.S.C. § 1983. While

the complaint cites § 1983, this language appears in a background section,[5] and none of

---

[5] The complaint's sole references to § 1983 read as follows:

60.     Medicaid MCOs must pay non-plan providers promptly for "emergency services" furnished to their enrollees without regard to a prior authorization from the MCO. See 42 U.S.C. §§ 1396b(2)(1)(vii), 1396b(m), 1396u-2(b), 1395mm(g)(6)(A); 42 C.F.R. § 438.114. HFNJ is liable to plaintiff as a Medicaid MCO for payment for emergency services under the Act, pursuant to SSA § 1923(b)(2) and 42 U.S.C. § 1983.

the six counts assert a claim based on it. Moreover, the fact that HealthFirst did not move to dismiss a claim under § 1983, and MHA did not seek to avoid dismissal based upon the existence of a § 1983 claim, further reveals that no party viewed the complaint as seeking relief under § 1983. Thus, § 1983 does not provide a basis for subject matter jurisdiction.

HealthFirst's final proposed source of jurisdiction, so called "arising under" or "embedded" jurisdiction, also does not provide a basis for subject matter jurisdiction in this case. This is a "special and small" category of cases requiring three elements. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006). First, the plaintiff's state law claim must "necessarily raise a stated federal issue," Grable, 545 U.S. at 314, meaning that an element of the state law claim requires construction of federal law. Manning, 772 F.3d at 163. Second, this federal element must be "actually disputed and substantial." Grable, 545 U.S. at 314. With respect to this factor, the

---

61. HFNJ is known as a Medicaid Managed Care Organization ("MCO"), and is required to promptly pay claims. Federal prompt payment requirements have been found enforceable by providers under 42 U.S.C. § 1983. See, e.g., National Med. Care, Inc. v. Rullan, 2005 LEXIS 27994 (D.P.R. Nov. 1, 2005).
. . .
71. Accordingly, HFNJ is liable to Plaintiff as a Medicaid MCO for payment for emergency services under the Act, pursuant to SSA § 1923(b)(2); and enrollees must be protected against liability, even if the MCO is not paid by the State, and for any services furnished by "a provider with a contractual, referral or other arrangement with the organization." § 1932(b)(6); 42 C.F.R. § 438.106(c), pursuant to 42 U.S.C. § 1983.

App. 36, 38-39.

Supreme Court has distinguished cases such as <u>Grable</u> that present a "nearly pure issue of law" that would govern numerous other cases, from those that are "fact-bound and situation-specific." <u>Empire</u>, 547 U.S. at 700-01 (internal quotation marks omitted). Relatedly, for a case to involve a "substantial" federal issue, it must be one significant "to the federal system" as opposed to only the parties.[6] <u>Gunn v. Minton</u>, 133 S. Ct. 1059, 1065-66 (2013). Third, the case must be one "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Grable</u>, 545 U.S. at 314.

As to the first factor, HealthFirst has failed to establish that it is necessary to construe federal law to determine whether MHA can establish the elements of its claims for unjust enrichment and quantum meruit. These claims essentially require MHA to show that it provided a service to HealthFirst for which it was not fairly compensated. <u>See, e.g.</u>, <u>Montich v. Miele USA, Inc.</u>, 849 F. Supp. 2d 439, 459 (D.N.J. 2012) (elements of unjust enrichment include defendant's receipt of a benefit without just payment); <u>Canadian Nat. Ry. v. Vertis, Inc.</u>, 811 F. Supp. 2d 1028, 1033 (D.N.J. 2011) (elements of quantum meruit include an expectation of reasonable compensation for services provided). MHA claims fair compensation is the "reasonable value of labor performed

---

[6] The prototypical case of <u>Grable</u> jurisdiction is one in which the federal government itself seeks access to a federal forum, an action of the federal government must be adjudicated, or where the validity of a federal statute is in question. <u>Gunn</u>, 133 S.Ct. at 1066; <u>see also</u> <u>Grable</u>, 545 U.S. at 312 (citing <u>Smith v Kansas City Title & Trust Co.</u>, 255 U.S. 180 (1921), in which the principal issue was the constitutionality of the federal government's action to issue a bond, as the "classic example" of embedded federal jurisdiction).

and the market value of the materials furnished." App. 53 (quotation marks omitted). The fact that federal law may be informative of a market rate or "shape or even limit the remedy that Plaintiff may obtain" does not mean that federal law is a necessary component of the cause of action. Veneruso v. Mount Vernon Neighborhood Health Ctr., 933 F. Supp. 2d 613, 626 (S.D.N.Y. 2013), aff'd, 586 F. App'x 604 (2d Cir. 2014).

That HealthFirst may point to the Medicare law as part of its defense also does not make federal law a "necessary" part of MHA's claim. HealthFirst's arguments that Medicare regulations will demonstrate that the services rendered were not covered or the reimbursement claims exceed Medicare's cap are more "properly characterized as a defense to the Plaintiffs' state-law reimbursement claim" rather than a required element of MHA's claims. PremierTox, Inc. v. Kentucky Spirit Health Plan, Inc., No. 1:12CV-00010, 2012 WL 1950424, at *7 (W.D. Ky. May 30, 2012) (dispute over whether care was "medically necessary" under federal Medicaid regulations did not raise a federal issue under Grable); see also Baptist Hosp. of Miami, Inc. v. Wellcare of Florida, Inc., No. 10-22858-CIV, 2011 WL 2084003, at *4 (S.D. Fla. May 23, 2011) (whether federal law capped Medicaid reimbursement of hospital "amount[ed] to a federal-law defense to the amount of damages [HMO might] owe" and "[did] not make [the] case removable."); Veneruso, 933 F. Supp. 2d at 626 (collecting cases). Thus, HealthFirst's reliance on the services and reimbursement amounts set forth in the Medicare law to justify its payment decisions is insufficient to confer jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

8

Even if we assume that construction of the Medicare Act will be required to determine MHA's prima facie entitlement to relief, the federal issues raised by this case are not "actually disputed and substantial" as required under the second factor. Grable, 545 U.S. at 314. First, any statutory interpretation required by this case is incidental to the application of Medicare and Medicaid law to disputed facts. See MHA, LLC v. UnitedHealth Grp., Inc., No. 13-6130, 2014 WL 223176, at *7 (D.N.J. Jan. 21, 2014) (remanding a nearly identical case to state court because the federal issue raised was "not substantial and disputed," but rather "incidental" and capable of resolution in state court). The parties have not identified a dispute over the meaning of particular statutory text; rather, HealthFirst generally avers that the parties disagree over the application of the Medicare Act to their situation. Thus, we are not presented with a discrete federal issue that is "dispositive of the case and would be controlling in numerous other cases." Empire, 547 U.S. at 700; cf. In re Pharm. Indus. Average Wholesale Price Litig., 457 F. Supp. 2d 77, 81 (D. Mass. 2006) (finding jurisdiction under Grable where the "determination of the actual meaning [of a specific term] under the Medicare statute has been hotly disputed in the multi-district litigation").

Second, this case does not present the unusually strong federal interest required to qualify for the federal forum. This suit does not call into question the validity of a federal statute or the conduct of a federal actor. See, e.g., Main & Assocs., Inc. v. Blue Cross and Blue Shield of Ala., 776 F. Supp. 2d 1270, 1280 (M.D. Ala. 2011) ("Empire emphasized that the key factors in Grable which made the exercise of federal court

9

jurisdiction appropriate included the fact that the dispute in Grable centered on the action of a federal agency and the compatibility of that action with federal law."); Veneruso, 933 F. Supp. 2d at 624 (explaining that where "a federal actor" is not a party, a case is "unlikely to impact the federal government's interests or its ability to vindicate those interests of the Medicaid statute through administrative action") (internal quotation marks, alterations, and citations omitted).

While HealthFirst argues that there is a substantial federal interest in ensuring the uniform development of Medicare law, state courts are plainly competent to apply the Medicare Act to state law claims. If they were not, "the extremely rare exception discussed in [Grable and its progeny] would swallow up the general rule." Pritika v. Moore, 91 F. Supp. 3d 553, 560 (S.D.N.Y. 2015) (internal quotation marks and citations omitted); see also Meyer v. Health Mgmt. Assocs., Inc., 841 F. Supp. 2d 1262, 1270 (S.D. Fla. 2012) ("[T]he state courts' handling of cases such as this one, where the interpretation of the federal Medicare law [wa]s but one part of the underlying lawsuit, [would] not meaningfully encroach upon the work of the federal courts in construing the Medicare statutes."); Hawaii v. Abbott Labs., Inc., 469 F. Supp. 2d 842, 856 (D. Haw. 2006) ("[I]f Congress had thought that . . . Medicare provisions implicated a substantial federal interest, it could have ensured that only federal courts would hear such cases. It did not."). A state court is the appropriate forum for this "fact-bound and situation-

specific" case involving the application of Medicaid and Medicare laws. Empire, 547 U.S. at 701.[7]

Because this case does not "necessarily raise" a federal issue that is "actually disputed and substantial," the federal court may not exercise subject matter jurisdiction based on "embedded jurisdiction." Grable, 545 U.S. at 314.[8]

III

For the foregoing reasons, HealthFirst has not carried its burden as the removing party to show that the federal courts have subject matter jurisdiction over this case, and

---

[7] Grable jurisdiction was found to be appropriate in a similar suit against a health insurance company offering Medicare benefits. See New York City Health and Hosps. Corp. v. WellCare of New York, Inc., 769 F. Supp. 2d 250, 257 (S.D.N.Y. 2011). The plaintiff there brought breach of contract and unjust enrichment claims. Id. at 252. The contract at issue required compliance with provisions of the Medicare law. Id. at 256. The district court exercised jurisdiction over the claim under Grable based in part on Second Circuit precedent emphasizing that a "complex federal regulatory scheme" is evidence of a federal interest in using a federal forum. Broder v. Cablevision Sys. Corp., 418 F.3d 187, 195 (2d Cir. 2005). In our view, the fact that a regulatory scheme needs to be consulted to resolve a dispute is insufficient on its own to make a federal issue "substantial" under Grable. In addition, after the district court dismissed the contract claim, it remanded the unjust enrichment claim for lack of jurisdiction. This is consistent with our view that proof of unjust enrichment does not require consideration of federal Medicare law. See New York City Health & Hospitals Corp. v. WellCare of New York, Inc., 801 F. Supp. 2d 126, 142 (S.D.N.Y. 2011).

[8] As the first two elements of Grable's conjunctive test were not satisfied, we need not reach the third factor, which considers whether taking jurisdiction over cases such as this one would disturb the "congressionally approved balance of federal and state judicial responsibilities" described in Grable, 545 U.S. at 314. See, e.g., Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., LLC, No. 06-CV-4197, 2007 WL 1456204, at *5 (D.N.J. May 15, 2007) ("Having concluded that the first and second Grable factors are not satisfied, this Court need not consider the third factor . . . [which] is only a possible veto that may defeat federal jurisdiction, not sustain it."); MHA v. UnitedHealth, 2014 WL 223176, at *8 (same); Main & Assocs., 776 F. Supp. 2d at 1281 (same).

11

we will therefore vacate the dismissal of MHA's claims and remand to the District Court with instructions to remand this case to state court.